VICKREY *v.* STATE SAVINGS ASS'N.[1]

*(Circuit Court, E. D. Missouri.   October 13, 1884.)*

NEGOTIABLE INSTRUMENTS—BANKING DEPOSITS FOR COLLECTION.

> Where a negotiable instrument, indorsed and delivered in blank to a bank, though in fact only for collection, is sent by it to another bank for "collection and credit" before maturity, and the latter receives it without notice that it does not belong to the former, it may lawfully retain the proceeds of the collection to satisfy a claim for a general balance against the other bank, if that balance has been allowed to arise and remain on the faith of receiving payments from such collections pursuant to a usage between the two banks.

This is a suit for the proceeds of a promissory note deposited by the plaintiff, indorsed in blank, with the Indianapolis Banking Company at Indianapolis for collection, and transmitted by that company to the defendant at St. Louis, where it was payable, with the direction to "collect and credit" it to the Indianapolis Banking Company.   It was collected and credited accordingly, without knowledge on the defendant's part that, at the time the note was received, the plaintiff had any interest in it.   The balance against the Indianapolis Banking Company was then and still remains greater than the amount of the note.

*Finkelnburg & Rassieur,* for plaintiff.

*H. D. Wood,* for defendant.

BREWER, J.   I think the defendant is entitled to judgment.   The facts bring the case within the rules laid down in *Bank Metropolis* v. *N. E. Bank,* 1 How. 234; S. C. 6 How. 212; *Sweeny* v. *Easter,* 1 Wall. 166.

The Indiana bank was the apparent owner of the paper, made so by the unrestricted indorsement of the plaintiff.   It forwarded the paper to the defendant for collection and credit.   The defendant had

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

no notice of plaintiff's title, or reason to suppose that the Indiana bank was not the owner. For more than a score of years the two banks had had mutual dealings in paper, large amounts passing between them for collection. Out of these dealings sprang balances, sometimes in favor of one bank and sometimes in favor of the other. Collections were not remitted, but simply passed to the credit of the transmitting bank, and to be settled by the proceeds of other collections sent to such bank. Statements of account and balances were periodically exchanged. Under these circumstances, it is fair to hold that the balances were by each bank permitted to remain upon the credit of remittances made or contemplated in the usual course of dealing between them. The testimony of the assistant cashier of defendant, that it believed the Indiana bank solvent and trusted it accordingly, does not conflict with this; it simply indicates what might be expected, that the defendants would not hold as a correspondent a bank in whose solvency it had no faith.

So far as any hardship on the plaintiff is concerned, he has no one but himself to blame. By a restricted indorsement he could have given notice to every one of his title. He chose to give an unrestricted indorsement, and thus permitted it to pass into the channels of trade as apparently the property of the Indiana bank. He trusted that bank, and must abide the consequences of his confidence. That the indorsement to the defendant was for collection is immaterial. The question in these cases is not whether title is apparently transferred to the collecting bank, but whether it has a right to treat the transmitting bank as the owner. It had such right in this case, and therefore judgment will be entered in favor of defendant.