LORENZO J. CODY AND GEO. W. MOORE v. THE CITY NATIONAL BANK OF GRAND RAPIDS.

*Ownership of drafts indorsed for collection.*

A firm had been in the habit of indorsing in blank such drafts or cheques as were drawn to its order and depositing them in a local bank as so much money subject to be drawn on. One of the firm left a bank cheque so indorsed at the bank without any instructions, and the bank forwarded it for collection to another on which it made, at the same time, a large draft of currency for the depositor's benefit. The second bank sent the deposited draft on for collection, when the first suspended and the depositor telegraphed to stop payment, which was done. The draft was then returned to the second bank which refused, on demand, to surrender it to the depositor and he brought trover for it. *Held,* that defendants were entitled to regard the paper as that of the bank which had sent it to them for collection, and that the action would not lie.

Error to the Superior Court of Grand Rapids. (Parrish, J.) Oct. 24.—Nov. 19.

TROVER.   Plaintiff brings error.   Affirmed.

*Fletcher & Wanty* for appellants.   A bank that receives paper for collection simply becomes an agent, and the title to the paper does not pass to it : Morse on Banks 427 ; *National Gold Bank v. McDonald* 51 Cal. 64 ; *Middlesex County v. State Bank* 32 N. J. Eq. 467 ; *Balbach v. Frelinghuysen* 15 Fed. Rep. 675 ; *Prideaux v. Criddle* L. R. 4 Q. B. 455 ; *Giles v. Perkins* 9 East 12 ; *Levi v. National Bank* 5 Dill. 104, 111 ; *First Nat. Bank v. Reno County Bank* 3 Fed. Rep. 357 ; the presentation of a check for deposit is substantially a demand of payment, and if the bank accepts it by giving credit to the depositor, the transaction is closed between the bank and him : *Oddie v. National City Bank* 45 N. Y. 735 ; in other courts it is held that the bank simply assumes the duty of collecting the check, in due course of business, for the depositor, and that it may revoke the credit if the drawer fails to make the check good : *Peterson v. Union National Bank* 52 Penn. St. 26 ; *Boyd v. Emmerson* 2 Ad. &. E. 184 ; *Kilsby v. Williams* 5 Barn. & Ald. 815 ; title is not transferred by such an indorsement " for collection " : *Sutherland v. First National Bank* 31 Mich. 230 ; *Locke v. Leonard Silk Co.* 47 Mich. 479 ; *Reading v. Beardsley* 41 Mich. 123 ; *Armour Bros v. Bank* 17 Cent. L. J. 194 ; *National Bank v. Merchants' Bank* 91 U. S. 92 ; *White v. National Bank* 102 U. S. 658.

*J. C. Fitzgerald* and *Allen C. Adsit* for appellee.   No authorities can be found that hold an indorsement in blank on demand paper, in the hands of one who has received it in the due course of business, is notice that the person indorsing it specially under the blank indorsement, was not the owner thereof, regardless of a custom and agreement existing : Morse on Banking 420 ; *Bank of Metropolis v. New England Bank* 1 How. 234 ; *Bank v. Harris* 108 Mass. 514 ; *Miller v. Farmers' Bank* 30 Md. 397 ; *Cecil Bank v. Farmers' Bank* 22 Md. 154.

CAMPBELL, J.   Plaintiffs sued defendant in trover for the value of a bank check or draft made November 2, 1883, by the Thayer Lumber Co. to the order of plaintiffs, for $3600, on the Merchants' Loan & Trust Co. of Chicago.

The facts are undisputed, and are these :   Plaintiffs are engaged in lumbering near Cadillac, and at the date of the

check had for about a year kept a deposit account with Rice & Messmore, bankers there. Their deposits were chiefly made in checks and other paper which they took in their business, and these they usually indorsed in blank, and they were at once passed to their credit as cash, and subject to be drawn upon as cash. Some, but comparatively little, money was deposited, and both money and paper were credited as cash on the deposit account. The plaintiff Cody, one of the firm of Cody & Moore, did not usually have charge of the banking matters of plaintiffs, and could only remember one previous deposit made by him, and this was in paper credited as cash.

On the 3d of November, 1883, plaintiff Cody, having this check in his possession for his firm, took it to the bank of Rice & Messmore, and indorsed it in blank, and handed it in without any remark or directions as to what should be done with it. On the same day he drew one or more checks, but not enough to exhaust the previous deposit. The bank officer to whom it was handed filled out a deposit ticket and placed it on the usual spindle for entry, and it was so entered when the tickets were withdrawn. Whether plaintiff noticed this is disputed.

On the same day, November 3d, this check, with several others, was endorsed to defendant for collection, and sent in a letter directing the defendant to collect and credit the paper, and in the same letter directing defendant to send $2000 currency, which was sent accordingly on the morning of the 5th. Three thousand dollars more had been sent on the 3d in answer to dispatches. The remittance, as testified, would not have been made except on the faith of the enclosures, and after applying this paper the balance in Rice & Messmore's favor was less than $200.

It had been the regular course of business between Rice & Messmore and defendant, that defendant should remit on the faith of the paper thus transmitted to it by Rice & Messmore, and it was done in this instance.

Defendant forwarded the paper to Chicago for collection, but it was not paid, for these reasons: On Monday, the 5th

of November, there was a run on Rice & Messmore, and during the forenoon they closed their doors and suspended. They turned out to be insolvent. On the 6th, Cody was in Cadillac, and learning of the suspension telegraphed to Chicago to stop payment. The paper was accordingly returned unpaid to defendant. Plaintiffs claimed it as belonging to them, and brought this suit, when defendant refused to recognize their right.

In the court below defendant prevailed, and plaintiffs bring error. There are several errors assigned, but all refer to the question whether defendant had a right to act upon the paper as it appeared. The court below charged at some length, and allowed the jury to consider the facts shown in testimony, showing the true nature of the business dealings of all the parties. But the whole case really hinged upon whether the defendant had notice which should have prevented it from treating the paper as Rice & Messmore's, and advancing them money upon it.

We do not find any testimony in the record which would have justified the jury in finding otherwise than they did, and if the court erred at all, it was in leaving this to them as an open question.

When the paper came into defendant's hands it had an unqualified blank endorsement of plaintiffs which presumptively transferred title to any one who might become the holder. The fact that Rice & Messmore endorsed it for collection had no tendency to show that they held it themselves merely as agents for plaintiffs, or even received it from them directly. The undisputed facts show that it was not left with them in such a way that they were bound to regard it themselves as left for plaintiff's use, except as a deposit. But the defendant is not claimed to have had any notice outside of the paper itself. The paper came to defendant with express directions to collect and credit, and with an order for an immediate remittance of a large sum, which nearly exhausted it. This was not an exceptional case, but was in the usual course of their mutual business.

Plaintiffs rely on several cases which hold that a mere

endorsement for collection does not of itself change title, and that where the recipient bank has done no act on the credit of the remitting bank in reliance on its title, the real owner may reclaim it. But none of those cases resemble this. Here plaintiffs did not endorse it for collection, and upon the testimony it cannot be said they even deposited it for collection. Rice & Messmore, when they endorsed it for collection, not only appeared to be the owners, but gave orders for credit to them and drew upon the faith of it, and defendant actually advanced money upon it. No case is cited which would under such circumstances postpone defendant to plaintiffs. The whole doctrine of negotiable paper is in defendant's favor.

We see no error in the record and the judgment should be affirmed.

The other Justices concurred.