JACOB DOPPELT

*v.*

THE NATIONAL BANK OF THE REPUBLIC.

*Opinion filed October 24, 1898.*

1. BILLS AND NOTES—*blank endorsement of a check transfers a good title.* A blank endorsement of a check by the payee transfers a good title to the holder, free from all equities in the payee's favor.

2. BANKS—*bank receiving a check endorsed in blank is not chargeable with notice of payee's equities.* A bank receiving from another bank for collection a check endorsed in blank by the payee, is authorized to collect the check, credit the proceeds to the forwarding bank and honor its drafts against the credit; and the payee cannot, upon the insolvency of the forwarding bank, recover from the bank which made the collection, without proof that the latter had notice that the forwarding bank received the check merely as the payee's agent for collection.

*Doppelt* v. *Nat. Bank of the Republic,* 74 Ill. App. 429, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

DANIEL M. ROTHSCHILD, (BLUM & BLUM, of counsel,) for appellant.

LOWDEN, ESTABROOK & DAVIS, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

The appellant, Jacob Doppelt, deposited with the banking house of Kopperl & Co. two checks on New York banks, both endorsed by him in blank, amounting to $1518.48, receiving credit for such amount in his pass-book. His account was over-drawn several hundred dollars at the time, and he drew against his account after making this deposit. The banking firm deposited the checks with appellee, endorsing them, "For collection to the credit of Kopperl & Co." Appellee gave credit on its books to Kopperl & Co. for the amount, and sent the checks on to New York for collection, and they were paid on or before February 14, 1896. On the latter day Kopperl & Co. made an assignment for the benefit of their creditors. Appellant filed his claim with the assignee for the balance due on his account with Kopperl, being $1017.58, which was the proceeds of these checks less the amount he had checked out. Subsequently he brought this action in the circuit court of Cook county against appellee, alleging that Kopperl received these checks as his agent for collection; that he was not indebted to Kopperl at the time; that Kopperl was then insolvent and had since made an assignment for the benefit of his creditors; that appellee had received these checks from Kopperl for collection and duly collected them, and that by reason of the premises the appellee became liable to account to appellant for the proceeds. The cause was heard before the court without a jury, and judgment was entered for the defendant below. The plaintiff appealed to the Appellate Court, where the judgment was affirmed.

Under the pleadings it became incumbent on appellant to show that he deposited these checks with Kopperl for collection, only. He endorsed them in blank, without any restrictions whatever, and under the well settled

rule of this State he thereby transferred a good title to Kopperl, free from all equities in his favor, and the Appellate Court has so found. Under these circumstances appellee could not know that he claimed or pretended to any rights in the paper, and it was authorized to act upon Kopperl's endorsement of the checks, and proceed to collect the same and credit his account with the proceeds. Its cashier testified that Kopperl drew against these checks, and that his account was overdrawn, and when he failed there was no balance to his credit.

All the facts having been found by the Appellate Court against appellant, and the judgment of the court being in accord with the law on such facts, there is no question left affecting the merits of the case for us to pass upon.

Exceptions were taken to the refusal of the trial court to admit evidence that appellee held collateral to secure it for Kopperl's indebtedness. The evidence was properly refused, as wholly irrelevant to the question whether Kopperl was indebted to appellee. It had no knowledge that appellant claimed any interest in the proceeds of the checks. It therefore had the right to act upon his endorsement, treat the checks as Kopperl's property, credit his account and honor his drafts accordingly. Even if appellant could, after having filed his claim for the balance due from Kopperl against his estate, have rescinded the transaction and recovered the checks or their proceeds in the hands of the assignee, (*American Trust and Savings Bank* v. *Gueder & Paeschke Manf. Co.* 150 Ill. 336,) he clearly had no such right as against appellee, who had applied the proceeds as directed by Kopperl, he having an unrestricted endorsement.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*