THE CITIZENS' NATIONAL BANK OF DAVENPORT, IOWA, v. THE CITY NATIONAL BANK OF CLINTON, IOWA, Appellant.

**Adjudications:** PARTY BROUGHT IN TO DEFEND: *Pleading.* The German Savings Bank drew its check on the Citizens' National Bank, making same payable to Q.  His endorsement was forged, the forger presented it to and obtained its payment of the City Bank.  This bank then endorsed the check for collection and forwarded it to said Citizens' National Bank.  The drawee, by which it was paid.  The drawee bank charged this amount to the account of the drawer, the said German Savings Bank.  When the forgery was discovered, the drawer began suit against the drawee, the Citizens' National Bank, drawee, thereupon notified the City Bank to come in and defend.  This it did both by filing a petition of intervention and having its attorney appear for the Citizens' National Bank; judgment was recovered against said Citizens National Bank and none entered against the said City Bank, intervener.  Then the Citizens' National Bank drawee, began suit to recover of said City Bank, which had paid the check on the forged endorsement, endorsed it to the plaintiff for collection and been repaid by it.  Each party contends in this suit that the suit in which judgment was entered against the Citizens' National Bank and not entered against the City Bank was a complete adjudication of the liability of said City Bank.  *Held*, while one liable over may be concluded by a judgment in a suit which he is duly requested to defend, it does not follow that a judgment

may therein be entered against the person so brought in. Ordinarily this may not be done, for though he have the right to appear and defend as a party he does not become such and is not liable to the plaintiff in the action. (*b*) Since then, no judgment could rightfully have been entered against the City Bank in the suit into which it was brought, the failure to enter there, judgment against it was not an adjudication that the Citizens' National Bank might not recover of the City Bank as for money paid an endorser who had acquired the paper paid by a forged endorsement. (*c*) The contention of the defendant that its pleading in the former case impliedly invoked jurisdiction of the court to enter judgment against it is not sustained by a showing that the petition of intervention asked that it might be made a defendant, answer, "and thus preserve its right to make full defense against all persons and claims which may be asserted against it in this litigation." (*d*) The City Bank is bound as to all defenses which were adjudicated in the suit into which it was brought and in which it intervened.

LIABILITY OF ENDORSER: *Pleading.* INDORSEMENT "FOR COLLECTION." Where a bank which is neither drawer nor drawee pays a check upon a forged indorsement of the name of the payee and then endorses to the drawee bank, "for collection," which has funds of the drawer in its hands and pays said check upon presentation, the bank which endorsed "for collection" is liable to the drawee bank for which the latter has paid it, though drawee did not present the check to drawer for payment or certification to the genuiness of endorsements.

*Appeal from Clinton District Court.*—Hon. P. B. Wolfe, Judge.

SATURDAY, APRIL 14, 1900.

ACTION by a drawee for money paid to an indorsee of a check, who acquired it on a forged indorsement of payee. The facts are fully stated in *German Sav. Bank of Davenport v. Citizens' Nat. Bank,* 101 Iowa, 531, where recovery was had by the drawer from drawee for money withheld because of such payment. The defendant appeals from judgment against it.—*Affirmed.*

*Ellis & Ellis* for appellant.

*Cook & Dodge* for appellee.

LADD, J.—Only such facts as are essential to a clear understanding of the points raised need be stated. The German Savings Bank drew its check for eight thousand dollars on the Citizens' National Bank, February 18, 1893, payable to William Quinlin. This was sent to McLaughlin, who presented it, with the indorsement of Quinlin forged, and his own written on the back, to the City National Bank, and received the money thereon. The latter then indorsed the check, "For collection account of City National Bank, of Clinton, Iowa, A. G. Smith, Cashier," and forwarded it to the Citizens' National Bank, by which it was paid. The forgery of Quinlin's name was not discovered until February, 1894, and on May 22d of that year the German Savings Bank began suit against the Citizens' National Bank for the amount it had charged the former in its account, owing to the payment of the check. The Citizens' National Bank, plaintiff herein, thereupon notified the City National Bank, the defendant in this action, to come in and defend, which it did, both by filing a petition of intervention, and by causing its attorneys to appear for the Citizens' National Bank. Judgment was recovered against this plaintiff in that action, but was not entered against this defendant, and each party now contends it to have been a complete adjudication of the liability of the City National Bank. The doctrine of *res adjudicata,* as applied to a case like this, was very clearly stated in *Littleton v. Richardson,* 34 N. H. 179 (66 Am. Dec. 759). "When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear, and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive

against him, whether he has appeared or not, of every fact established by it." *McNamee v. Moreland,* 26 Iowa, 113; *Stoddard v. Thompson,* 31 Iowa, 80. The particular advantage of such a proceeding lies in the avoidance of twice litigating precisely the same issues. It does not follow, however, that judgment may be entered against the person so brought in. Ordinarily, this may not be done, for, though he have the right to appear, and defend as a party, he does not become such, and it is not liable to the plaintiff in the action. That this defendant was under no obligation to the German Savings Bank was expressly decided in the former aciton, where we said: "It cannot be doubted that when plaintiff [German Savings Bank] deposited its $8,000 with the Citizens' National Bank it parted with the ownership of its money, and said Citizens' Bank became plaintiff's debtor to that amount. Therefore, in paying said $8,000 to intervener [City National Bank] upon the faith of a forged indorsement, it paid its own money. Such being the fact, plaintiff would have no cause of action against the intervener." *German Sav. Bank, of Davenport, v. Citizens' Nat. Bank,* 101 Iowa, 327. The only relief sought was judgment against the Citizens' National Bank.

But appellant insists that its pleadings were of such a character as, impliedly, at least, to invoke the jurisdiction of the court to enter judgment against it. Without determining whether, if this were true, an omission to enter judgment against a party not liable would be an adjudication in its favor, it is enough to say such an inference is not to be drawn from the record. In its application for permission to intervene and its subsequent petition the defendant held strictly to its privilege of defending without being a party, as appears from the prayer of the former that it might be made a defendant, answer, "and thus preserve its rights to make full defense against all persons and claims which may be asserted against it in this litigation," and the ending of the latter asserting "that plaintiff cannot recover against said

defendant." True, the plaintiff might have canceled the charge against the savings bank, and brought its action against this defendant in the first instance, but it was not bound to do so, and might wait until its liability had been adjudicated; and the law, in its charity, will not allow the defendant, after having been vexed with that litigation, and put to expense, to relitigate the same issues in this action. As defendant was not a party in that suit, though permitted to defend as such, and no judgment against it might have been rendered, no reason exists for not permitting the plaintiff to maintain this action.

II.  Notwithstanding its specific admission of responsibility over in the former action, the defendant now insists that its indorsement was restrictive, and carried no guaranty of the genuineness of the payee's signature on the back of the check. That an indorsement "for collection" passes no title to the indorsee is too well settled to call for discussion. *Manufacturers' Nat. Bank v. Continental Bank,* 148 Mass. 553 (20 N. E. Rep. 193, 12 Am. St. Rep. 598, 2 L. R. A. 699); *Freeman's Nat. Bank v. National Tube-Works,* 151 Mass. 413 (24 N. E. Rep. 779, 21 Am. St. Rep. 461, 8 L. R. A. 43, and note); *Bank v. Hubbell,* 117 N. Y. 384 (22 N. E. Rep. 1031, 15 Am. St. Rep. 515; 7. L. R. A. 852; 3 Am. & Eng. Enc. Law, 815) *et seq.* Nor does it carry any guaranty of the genuineness of the check. *Bank v. Westcott,* 118 N. Y. 468 (23 N. E. Rep. 900); *Goetz v. Bank,* 119 U. S. 551 (7 Sup. Ct. Rep. 318, 30 L. Ed. 515). The indorser simply retains such title as it may have, and empowers the indorsee to act as its agent in obtaining the money. But the fact that it so forwarded the check had no tendency to show that it held the same other than as owner. *Cody v. Bank,* 55 Mich. 379 (21 N. W. Rep. 373); and it did hold it under that claim. While the drawee, for reasons stated in *First Nat. Bank of Marshalltown v. Marshalltown State Bank,* 107 Iowa, 327, is bound, in the absence of fraud, to detect the forgery of the drawer's signa-

ture to a check or draft before payment, he is not charged
with knowledge of the genuineness of any other signature on
the instrument. This is evidently because of the superior
advantages for investigation possessed by the indorsee. The
latter acquires no title to a check or draft under a forged
indorsement, and, the moment it is paid by the drawee, be-
comes liable as for money had and received. *First Nat.
Bank of Chicago v. Northwestern Nat. Bank,* 152 Ill. 296
(38 N. E. Rep. 739, 43 Am. St. Rep. 253); *Marine Nat
Bank v. National City Bank,* 59 N. Y. 67; *Vagliano v. Bank.*
23 Q. B. Div. 243; 4 Am. & Eng. Enc. Law, 502. But it
must not be overlooked that in the case at bar the check was
indorsed by the defendant to the drawee, and the words "for
collection" meant nothing. Indeed, no indorsement at all
was essential. The defendant is in no better position than it
would have been had it demanded and received payment
over the counter of the plaintiff's bank on this check to which
it never obtained title. Had this been done, no one would
say the money ought not to be restored. Appellant recog-
nized this difficulty, and pleaded that plaintiff was instructed
to present the check to the drawer for payment or for cer-
tification. Such an inference is not to be drawn from the
form of the indorsement. That did no more than confer
authority to collect from the party on whom the check was
drawn. It would be the acme of absurdity to require a
drawee of a check, with ample funds of the drawer, to pre-
sent it to the latter for payment. Such a course would be
contrary to the very purpose of the instrument's existence.
Nor would a request for certification be any more availing.
The drawer was not under the slightest obligation to investi-
gate the genuineness of indorsements, and certify thereto.
Had this been suggested, it would doubtless have declared
the validity of the check irrespective of transfers, as was
done in *Clews v. Bank,* 114 N. Y. App. 70 (20 N. E. Rep.
852), and *Espy v. Bank,* 18 Wall. 614 (21 L. Ed. 947).
Novel would be the rule which would impose on a drawing

bank the burden of ascertaining at its peril, upon demand of any indorsee or drawee, the validity of all transfers under which any of these acquire a check or draft. That the duty of making such inquiry devolves on the transferee has been too often held to call for the citation of authority. Besides, it appeared in the former action that appellant had all the information the drawee could possibly have obtained upon such an inquiry upon the drawer.

III. True, the petition did not designate the payment of the check to the defendant a mistake, but it did state the facts as heretofore related, and these were expressly admitted by the answer. To have denominated the payment made under the mistaken supposition that defendant had title to the check a mistake would have added nothing to the pleading, save a conclusion of law. Conceding, then, without deciding, that the issue as to whether liability of defendant ever might have been adjudicated in this action, it was obviated by the clear admission of facts definitely fixing such liability. It is very evident that the only defense available to defendant was that relied on in the former action, and by that adjudication it is bound.— AFFIRMED.

WATERMAN, J., takes no part.