(No. 13285.—Reversed, with judgment here.)

JOHN A. ANDERSON *et al.* Appellees, *vs.* THE KEYSTONE CHEMICAL SUPPLY COMPANY.— (THE UNION NATIONAL BANK OF PHILADELPHIA, Appellant.

*Opinion filed June 16, 1920.*

1. BILLS AND NOTES—*bank taking draft as security for loan becomes holder in due course—bill of lading.* Where a depositor borrows money from a bank and deposits with the bank as security a sight draft indorsed in blank, to which is attached a bill of lading for a shipment of goods for which the draft is drawn, the bank becomes the holder in due course of the draft and takes title to the goods described in the bill of lading.

2. SAME—*bank collecting draft becomes debtor of bank from which it received draft for collection.* Where a sight draft is deposited with a bank as security for a loan and the bank sends the draft on to another bank for collection, with directions to deposit the proceeds to the general credit of the former bank, the bank collecting the draft takes title to the proceeds and becomes the debtor of the bank from which it received the draft for collection.

3. SAME—*pledgee taking negotiable paper as security for loan becomes holder for value in due course.* Where negotiable paper is indorsed and transferred before maturity as collateral security for a loan of money then made, the pledgee, who takes the paper without any notice of defense, is a holder for value in the usual course of business.

4. SAME—*money in hands of bank collecting draft cannot be attached by drawee. to satisfy debt of drawer.* Where a sight draft with bill of lading attached is indorsed in blank and deposited with a bank as security for a loan and the bank forwards the draft to another bank for collection, the proceeds of the draft in the hands of the collecting bank cannot be attached by the drawee to satisfy an account which it holds against the drawer, as the money collected is not the property of the drawer but of the forwarding bank, although the drawer has a balance on deposit at the latter bank more than sufficient to meet the loan.

5. SAME—*bank cannot be compelled to resort to depositor's balance instead of proceeds of draft given to secure loan to depositor.* The right of a bank to resort to a depositor's balance instead of to the proceeds of a sight draft drawn by the depositor and given to the bank to secure a loan to him is personal to the bank, and the drawee, after paying the draft, cannot compel the bank to resort to the depositor's balance to satisfy the loan, so as to allow the

drawee to attach the proceeds of the draft to satisfy an account which it has against the drawer.

6. DEBTOR AND CREDITOR—*the doctrine of marshaling of assets stated.* The doctrine of marshaling assets rests upon equitable principles and requires a creditor who has a lien on two funds in the hands of the same debtor to make his debt out of that fund to which another creditor who has a lien on one of them, only, cannot resort.

7. APPEALS AND ERRORS—*when propositions of law are unnecessary.* In an attachment suit tried without a jury on the evidence introduced by an interpleader claiming the fund, a motion by the interpleader for a finding in its favor presents the question of law whether the evidence sustains the interplea, and no propositions of law are necessary.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding.

MILLER, STARR, BROWN, PACKARD & PECKHAM, (EDWARD O. BROWN, and THOMAS McCALL, of counsel,) for appellant.

ALDEN, LATHAM & YOUNG, (CHARLES MARTIN, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

October 25, 1917, the Keystone Chemical Supply Company borrowed from the Union National Bank of Philadelphia, appellant, $4000, giving to the bank its demand note for that amount. At the same time it delivered to the bank as collateral security for the note two drafts, with bill of lading attached, one on the World's Trading Company of New York for $1479 and one on Anderson & Gustafson, appellees, for $3219.65. The collateral note contained the following among other provisions: "Upon default of payment * * * we do hereby authorize and empower the holders hereof, for the purpose of liquidation of this note,

* * * to sell, transfer and deliver the whole and any part of such security, * * * at public or private sale, at any time or times hereafter, with the right on the part of such holder to become the purchaser and absolute owner thereof, free of all trusts and claims. And it is further agreed that the securities hereby pledged, together with any that may be pledged hereafter, or any moneys now or hereafter in the hands of the holder of this obligation, on deposit or otherwise, to the credit of or belonging to the undersigned, shall be applicable in like manner to secure the payment of any past or of any future obligations of the undersigned held by the holders of this obligation, and all such securities in their hands shall stand as one general, continuing collateral security for the whole of said obligations, so that the deficiency on any one shall be made good from the collaterals on the rest." Both drafts were indorsed in blank by the Keystone Chemical Supply Company. The New York draft was paid, and October 29 the note was credited with $1479, leaving the amount due on the note $2521. Appellant sent the Anderson & Gustafson draft, with bill of lading attached, to the First National Bank of Chicago for collection. The bill of lading covered a shipment of caustic soda from the Keystone Company to appellees, who had a claim for $4100 against the Keystone Company for an alleged breach of contract. In order to secure the release of the shipment appellees paid the sight draft, and then, to guarantee the payment of whatever judgment they should get against the Keystone Company, they immediately attached the proceeds of the draft in the hands of the First National Bank. The garnishee answered that it was not at the time of the service of the writ of attachment indebted to the Keystone Company, and that it did not have possession, charge or control, at or since that date, of any property of the Keystone Company, but answered that on October 27 it received for collection from the Union National Bank of Philadelphia a draft for $3219.65 drawn

by the Keystone Chemical Supply Company on Anderson & Gustafson, payable to the order of the Union National Bank of Philadelphia, with instructions that upon receipt of payment of said draft to credit the account of the Union National Bank in the First National Bank with the proceeds thereof, and that on the 29th day of October appellees paid and took up said draft; that at no time has it been subject to instructions of the Keystone Chemical Supply Company, and so far as it was advised the draft was the property of the Union National Bank. This answer of the garnishee was not traversed. Appellant was given leave to interplead, and by its intervening petition represents that before maturity and for value it purchased from the Keystone Company the draft and sent it to the First National Bank for collection, with directions to credit it with the proceeds. The draft and bill of lading, with their indorsements, and the check given in payment of the draft, were introduced in evidence, and appellant moved for judgment in its favor. This motion was denied and a finding was entered against appellant. Motions for new trial and in arrest of judgment were made and overruled, and judgment was entered finding appellees were entitled to the proceeds of the draft. On appeal to the Appellate Court for the First District the judgment of the municipal court of Chicago was affirmed and a certificate of importance granted. From that judgment this appeal was prayed and perfected.

There is no controversy regarding the facts in this case. As appellees put it, "The only question before the court was whether the moneys admitted to be in the hands of the garnishee bank should be awarded to the plaintiffs in attachment or to the interpleading bank," or as appellant puts it, "Is the First National Bank of Chicago, on the uncontroverted facts, the debtor of the Union National Bank or of the Keystone Chemical Supply Company?" Appellant urges that the judgment cannot stand on account of procedural errors, but no error was assigned on this ground in the Ap-

pellate Court nor does the assignment of errors in this court raise the question, so the question is not before us for decision. The only questions presented for review by the assignment of errors are questions on the merits. ·

When·the Keystone Chemical Supply Company deposited with appellant the Anderson & Gustafson draft, indorsed in blank, the paper became the property of the bank. (*Doppelt* v. *National Bank of the Republic,* 175 Ill. 432; 7 Corpus Juris, 599.) When this draft, indorsed in blank, was sent by appellant to the First National Bank for collection, with directions to the First National Bank to deposit the proceeds to the general credit of appellant, the title to the proceeds when the draft was paid vested in the First National Bank and it became the debtor of·appellant in that amount. (*American Exchange Nat. Bank* v. *Theummler,* 195 Ill. 90; *Marine Bank of Chicago* v. *Rushmore,* 28 id. 463; 3 R. C. L. 633, 636; 7 Corpus Juris, 616.) Furthermore, the decided cases establish the rule that when negotiable paper is indorsed and transferred before maturity as collateral security for a loan of money then made, the pledgee who takes the paper without notice of any defense is a holder for value in the usual course of business. (*Brooklyn City and Newton Railroad Co.* v. *National Bank of the Republic of New York,* 102 U. S. 14; *Koehler* v. *Dodge,* 31 Neb. 328, 47 N. W. 913; *First Nat. Bank of Chattanooga* v. *Stockell,* 92 Tenn. 252, 21 S. W. 523; 4 Am. & Eng. Ency. of Law,—2d ed.—289; 8 Corpus Juris, 487; 3 R. C. L. 1058.) When appellant accepted the Anderson & Gustafson draft with bill of lading attached it became the holder in due course of the draft, and, furthermore, it took title to the goods described in the bill of lading attached to the draft. (*Walsh, Boyle & Co.* v. *First Nat. Bank,* 228 Ill. 446; *Ladd & Tilton Bank* v. *Commercial State Bank,* 64 Ore. 486, 130 Pac. 975; *Means* v. *Bank of Randall,* 146 U. S. 620, 13 Sup. Ct. 186.) When appellees attached the proceeds of the draft in the hands of the First

National Bank the Keystone Company had no interest in them and they could not be held to satisfy its debts. (*Walsh, Boyle & Co.* v. *First Nat. Bank, supra; Painesville Nat. Bank* v. *Hannan*, (Col.) 171 Pac. 364.) "A bank acquiring in due course a draft for the price of goods, with the bill of lading attached, is the owner thereof, and the proceeds in the possession of another bank collecting the draft cannot be attached as the property of the seller." (7 Corpus Juris, 617.)

It is contended by appellees that because the Keystone Company had on deposit with appellant a sum of money in excess of the balance due on the note, which deposit was collateral to the note, there was no indebtedness owing to appellant when the writ was served. The evidence shows that on October 25 the Keystone Company had a balance with appellant of $11,054.22, and that on October 29 (the date the attachment writ was served) it had a balance with appellant of $24,603.18. In fact, from the time the $4000 loan was made until December 1 following, the Keystone Company's balance with appellant was in excess of the amount remaining due on the note. It is true that on a final balancing of accounts the financial status of the Keystone Company with appellant remained the same after borrowing the $4000 as it was before the loan was made. In other words, the Keystone Company gave its note to appellant as an evidence of an indebtedness of $4000 to appellant and appellant credited the Keystone Company's account with a $4000 deposit, and thereby became indebted to the Keystone Company for that amount. This is the customary banking transaction when a customer of a bank wants to increase his checking account and borrows from the bank the money with which to do it. It cannot be said, however, that because appellant owed the Keystone Company more than the Keystone Company owed appellant the Keystone Company was not a debtor of appellant. The latter had the right, if it saw fit, to pay itself from the Keystone

Company's funds the amount remaining due on the note. In this case, however, this right was personal to appellant, and it could not be compelled to apply the deposit to the payment of the note for the benefit of appellees. (*First Nat. Bank* v. *Peltz,* 176 Pa. St. 513, 35 Atl. 218.) Nor can the principle of marshaling of assets be applied to a case of this character. That doctrine, resting upon equitable principles, requires a creditor who has a lien on two funds in the hands of the same debtor to make his debt out of that fund to which another creditor who has a lien on one of them, only, cannot resort. Regardless of the condition of the account between the Keystone Company and appellant, the Keystone Company did not own the proceeds that were attached in the hands of the First National Bank, and, therefore, they cannot be held to satisfy its debts.

The trial was before the court without a jury and no propositions of law were presented. Appellees contend that appellant, by its failure to submit propositions of law, has preserved no question for this court to review. All the evidence produced before the court was evidence on behalf of the intervening petitioner. As we have said, there is no controversy here as to the facts, and so appellant's motion for a finding in its favor raised a question of law whether the evidence fairly tends to support the interplea. Where there is no controversy regarding the facts, the question whether these facts sustain the plaintiff's cause of action or defendant's defense is a question of law. *Babbitt* v. *Grand Trunk Western Railway Co.* 285 Ill. 267; *Kee & Chapell Dairy Co.* v. *Pennsylvania Co.* 291 id. 248.

The judgments of the Appellate Court and of the municipal court are reversed and judgment is entered here against the First National Bank of Chicago, garnishee, for $2521 in favor of the Union National Bank of Philadelphia, appellant, and for $698.65 in favor of Anderson & Gustafson, appellees. Costs will be taxed against appellees.

*Reversed, with judgment here.*