## Home Bank & Trust Company, Appellant, v. Lester Bogorad, Appellee.

### Gen. No. 30,912.

1. NEGOTIABLE INSTRUMENTS—*availability of primary defenses in action against maker of check by bank accepting instrument for deposit only as agent for collection.* Where a depositor's account with his bank was subject to an express agreement that checks accepted by the bank for deposit were accepted only as agent of the depositor for collection, such bank did not become a holder in due course under Cahill's St. ch. 98, ¶ 72, of a check indorsed in blank by such depositor as payee thereof, so as to preclude the maker from setting up, in an action by the bank upon such check, such defenses as he had as against the payee, notwithstanding the bank, after receiving such check as a deposit, permitted the payee to draw against the same.

Home Bank & Trust Co. v. Bogorad, 242 Ill. App. 16.

2.  Negotiable instruments—*sufficiency of evidence to rebut prima facie title of bank to check indorsed to it in blank by depositor.*  The prima facie title of a bank to a check held by it, after indorsement in blank by the payee, is rebutted by proof that it was the intent of the parties aforesaid that the bank should hold the check only as agent of the depositor for collection.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. Laurence B. Jacobs, Judge, presiding.  Heard in the second division of this court for the first district at the March term, 1926.  Affirmed. Opinion filed October 5, 1926.  Rehearing denied October 18, 1926.

Cheney & Peterson, for appellant.

Hyman A. Pierce, for appellee.

Mr. Justice Barnes delivered the opinion of the court.

This is an action brought on a check of defendant for $185 on Second North-Western State Bank of Chicago, payable to the order of H. Lechenger, and by him indorsed in blank and deposited in plaintiff's bank where he had a checking account.  The check was immediately put through the clearing house for collection, and payment having been stopped by the drawer, it was refused by the bank on which the check was drawn.

On the inside cover of the bank book issued by plaintiff to Lechenger is what is styled an "important notice" in print which in part reads as follows:

"It is expressly understood and agreed that all checks, drafts and other items deposited with and received by this bank for collection or credit  *  *  *  are delivered to and received by this bank expressly and only upon condition that this bank acts only as your agent for your account and convenience, and assumes no responsibility whatever  *  *  *.

"Any credit allowed for checks, drafts or other items on this or any other bank or party, is only provisional and is expressly made subject to payment

and subject to rights of charge back, until the proceeds thereof in money shall have been actually received in our hands.''

On the deposit of said check with plaintiff bank Lechenger's account was credited with its amount and in consequence of the nonpayment of the check and his drawing against the same his account became overdrawn to the extent of $122.50.

Plaintiff rested on proof of these facts by its assistant cashier, who on cross-examination testified that Lechenger's account was subject to the rules contained in said notice. Defendant in his own behalf testified that he gave the check to Lechenger on his promise to deliver on the same day his promissory note therefor, indorsed by two specified persons, and that he failed to do so. The court's finding and judgment were for defendant.

The ultimate question for decision is whether the bank is the owner of the check. If it is, then it must be on the ground that it became the holder in due course, as defined by section 52 of the Negotiable Instruments Law [Cahill's St. ch. 98, ¶ 72], and took the same in good faith and for value, in that it gave credit therefor, and without notice of the facts pleaded and proven. In that case the defense could not be made against it. But if it took the deposit merely as agent to collect, then the depositor is still the owner of the check, against whom such a defense may be made.

There is a great diversity of opinion bearing on this subject. On similar facts there are opposite rulings. Some cases stress one fact or circumstance and some another. An attempt to distinguish them would require a discussion much beyond proper limits of an opinion. An extensive line of authorities on the effect of the deposit of indorsed paper to pass title to the bank, under varying circumstances, may be found in an annotation in 11 A. L. R. 1060. It is there said that the majority of cases hold that where there is no

definite understanding between the depositor and the bank as to the ownership of the paper, and the paper is indorsed without restriction and deposited to the depositor's account and he is given credit therefor with the right to draw thereon, title passes to the bank. Decisions in this State are in line with those authorities. (*American Trust & Savings Bank v. Gueder & Paeschke Mfg. Co.*, 150 Ill. 336; *Doppelt v. National Bank of the Republic*, 175 Ill. 432; *American Exchange Nat. Bank v. Theummler*, 195 Ill. 90; *Anderson v. Keystone Chemical Supply Co.*, 293 Ill. 468.)

But none of the cases cited involves a special agreement, as does the case at bar. Even in cases in other jurisdictions where there was a special agreement or understanding the decision has often turned on some special circumstance, like the usual course of business followed between the parties, or some circumstance deemed to constitute a waiver of its provisions. That there may be such a waiver is decided in *Jefferson Bank v. Merchants Refrig. Co.*, 236 Mo. 407; *American Trust & Savings Bank v. Austin*, 25 Misc. Rep. 454, 55 N. Y. Supp. 561, aff'd 47 App. Div. 635, 62 N. Y. S. 1131.

But the case at bar is not affected by any such feature. There is no proof of a previous course of business or of any circumstance that may be construed as a waiver of the notice or contract.

Whatever be the rule as to passing title where there is no agreement between the bank and its depositor, the case before us stands clearly on the construction to be given to such notice as to the relationship of the parties thereto. In view of the admission of the bank's cashier that the deposits were taken subject to its terms there would seem to be no room for controversy as to such relationship. Rules of that character printed on the inside of a pass book are held to constitute a contract between the bank and a depositor. (See authorities cited in Annotation 5 A. L.

R. 1203 and 1204.) The rules and terms of said contract are specific and emphatic to the effect that in receiving checks and drafts to a depositor's account the bank acts only as his agent.

So far as the contract relates to provisional credit it need not be considered. There are many cases holding that the fact that a bank may charge back a dishonored check or draft is not inconsistent with its ownership thereof. But it is utterly inconsistent that the bank should accept checks for deposit on an express understanding that it does so as agent only, and at the same time assert ownership thereto against the maker. It cannot occupy both positions in the same transaction. It is a contract of its own making and one mutually binding on the parties thereto. The logical conclusion therefrom is that the bank's relationship is that of agent, and, therefore, it did not obtain title to the check.

While it may be said that from the face of the instrument and the blank indorsement the bank prima facie would have title, under authorities and the Negotiable Instruments Law, the presumption is rebuttable and overcome by the intent of the parties as expressed in the agreement.

The bank still had recourse against the depositor and has already satisfied his debt so far as his account would permit. Should it recover in this case for the amount of the check it would necessarily be for the depositor's use so far as it has already been paid. The fact that the bank has credited his account to that extent would indicate its intention to hold him to the express terms of the contract. Had the depositor's account been sufficient to pay the bank in full on the "charge back," manifestly it would not have claimed ownership or had any interest in the check, but have tendered it back to the depositor.

It has been generally regarded that a notice in the customer's pass book that the bank acts only as agent

in receiving checks or drafts prevents the passing of title to the bank. Cases to this effect are *In re State Bank,* 56 Minn. 119; *South Park Foundry & Machine Co. v. Chicago Great Western R. Co.,* 75 Minn. 186; *Farmers' Guaranty State Bank v. Burrus Mill & Elevator Co.* (Tex.), 207 S. W. 400; *American Trust & Savings Bank v. Austin,* 25 Misc. Rep. 454, 55 N. Y. Supp. 561; *People's State Bank v. Miller,* 185 Mich. 565. In some of these and other cases bearing on the subject there were other circumstances stressed by the court. But it would serve no good purpose to note distinctions where the understanding or the provisions of the contract are variant from those in the case at bar or where emphasis is laid on a feature of the case not present here. In the absence of any proof of circumstances indicating a waiver or a different course of business than the agreement itself suggests, and the express admission that the check was taken under the terms of the contract, which upon its face admits of only one construction, namely, that of agency on the part of the bank, we think the bank is in no position to assert the claim of ownership of the check. The fact that the bank gave provisional credit, which was a mere gratuitous privilege given at the bank's risk, and which is contemplated by the agreement, has no direct bearing on the question of title in view of the express provisions as to the agency of the bank.

We have not discussed the Negotiable Instruments Law for we think if plaintiff saw fit to establish such a contractual relationship with its depositor it must be held to have taken the paper, not under the provisions of that law, but upon conditions which negatived the right to rely upon it. In other words, it acted solely as agent and took the risk of extending credit for the check before collecting it. What would be the rights of a third party are not involved in this case. We do not think, therefore, that appellee is precluded from setting up the real state of facts as to the owner-

ship of the check, and that the defense he has against the drawer, in view of that relationship, is good against the bank.

Accordingly the judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and FITCH, J., concur.