8318

HILLER v. BANK OF COLUMBIA.

BANKS.—A DEPOSITOR may separate his funds in bank and agree with the bank that his agent should check on one, but that he alone should check on the other, and this agreement should not be violated by the bank and the agent by its paying at his request checks drawn by him out of the fund reserved by the principal, but in suit by the principal against the bank for funds paid out of the reserved fund, the bank is entitled to show that these funds were paid out on checks signed by the principal.

Before SPAIN, J., Richland, April term, 1912.    Reversed.

Action by Nannie E. Hiller against Bank of Columbia. Defendant appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Bank may apply deposits to payment of depositor's debts due:* 3 Ency. 835; 69 S. C. 383; 4 Dud. 524; 124 Fed. 61; 6 Cent. Dig. 1244; 192 U. S. 145; 111 U. S. 125. *Party beneficially interested:* 104 U. S. 54; 26 S. C. 548. *It is a misdemeanor to draw check without funds:* 77 U. S. 647; 26 Stat. 18. *Administrator's mere description of person:* 2 Morse on

Bank, sec. 604; 130 Penn. St. 419; 88 Pac. 975; Cros. on Exors. and Admr., sec. 196D; 126 Mass. 119.

*Messrs. Thompkins & Lee,* contra, cite: *Can bank charge a liquidated past due obligation to depositor?* 69 S. C. 374; 12 Rich. L. 518; 41 S. C. 177. *One as an individual and as guardian has different rights and liabilities:* 26 S. C. 543; 104 U. S. 54. *As to applying deposits to depositor's indebtedness:* 10 L. R. A. (N. S.) 706; 78 S. C. 408; 55 S. E. 1011; 26 S. C. 538.

September 18, 1912. The opinion of the Court was delivered by

Mr. Justice Woods. The complaint in this action alleges that the plaintiff deposited with the defendant bank two hundred dollars on April 19, 1909, which the defendant refused to pay on demand. The answer admitted the deposit, but alleged that the deposit was drawn out by the plaintiff before the commencement of the action. The answer also contained a number of allegations charging that the plaintiff, as administratrix of her husband's estate or executrix of his will, had mingled funds of that estate with her own in her bank account and had drawn them out from time to time. Most of these latter allegations were struck out by Judge Spain; in this there was no reversible error. For it clearly appears from the undisputed evidence adduced on both sides that the sole issue in the case was whether all the funds, except thirteen cents, had been drawn out by the plaintiff or her duly authorized agent; and that issue was made by the single allegation of the answer that they had been so drawn out.

All the money deposited by the plaintiff belonged to her individually, but she chose, for convenience, to keep two accounts, one in her individual name and the other in the name of "Nannie E. Hiller, Admx.," although she was not administratrix. The latter account was used in the conduct

of a mercantile business, owned by the plaintiff and con-
ducted by her and her brother-in-law, John Hiller. On this
account John Hiller was authorized to check, signing the
checks "Nannie E. Hiller, Admx." Both John Hiller and
the plaintiff issued checks against this account, which were
paid and charged against it, until several checks were pre-
sented which would have overdrawn the account. Instead
of refusing payment, the bank, by the direction of John
Hiller, charged this overdraft to the account kept in the
name of Nannie E. Hiller. No evidence was offered that
John Hiller was authorized to use or control the latter
account. In this state of the evidence, the Circuit Judge
directed a verdict in favor of the plaintiff for $158.54, the
balance of the Nannie E. Hiller account after deducting a
check for $55.20, which the plaintiff admitted she had
signed without the suffix "Admx."

The Court refused to allow the defendant to prove that
the checks, which went to make up the overdraft trans-
ferred or charged to the Nannie E. Hiller account, were
signed by the plaintiff herself. There is no escape from the
conclusion that this was error. When Mrs. Hiller made
two accounts with the bank, under an agreement that John
Hiller should have the right to draw, as her agent, on one of
them, the bank had no right to charge checks drawn by John
Hiller to the other account. Mrs. Hiller had the right to
hold the funds deposited on the other account subject to her
own control, and that right could not be defeated by the
unauthorized action of John Hiller and the bank. This
right of a depositor to separate and control his accounts is
established in this State: *Fogarties & Stillman* v. *State
Bank,* 12 Rich. 518; *Simmons* v. *Bank,* 41 S. C. 177, 19
S. E. 502; *Callahan* v. *Bank,* 69 S. C. 374, 48 S. E. 293;
*Bank* v. *Mahon,* 78 S. C. 408, 59 S. E. 31. But when a
depositor, having two accounts in his own right kept separate
merely for his own convenience, draws on one of them
beyond the amount to his credit without any arrangement

with the bank that he should do so, the bank is justified in the inference that he intends the check to be protected by the other account. Certainly, it would be most unreasonable that the bank should be required, under such conditions, to pay to the depositor the credit on one account without deducting the debit on the other. There is nothing in the cases above cited opposed to this view. Under this principle the defendant had a right to prove that the plaintiff herself issued the checks signed "Nannie E. Hiller, Admx.," which made up the overdraft on that account charged to the account of Nannie E. Hiller, or that such checks were issued by her authority when she knew of the overdraft. For the error of the Circuit Court in excluding evidence on this point, there must be a new trial.

To avoid misunderstanding, we refer to another point not properly made by the appeal. When the depositor has not assigned his demand against the bank by check or otherwise, the right of the depositor to demand his balance is subject to the right of the bank to set off against the balance any debt due by him to the bank; and this right of the bank extends to a demand of the bank for money paid out on the depositor's debts without his authority if the depositor subsequently ratifies the payment by adopting it for his own benefit: *Lowrance* v. *Robertson,* 10 S. C. 8, 27 Cyc. 838; *Crumlishs, Admin.,* v. *Central Imp. Co. et al.,* 38 W. Va. 390, 45 Am. St. Rep. 872, 23 L. R. A. 120 note. But the burden would be on the bank of properly pleading and proving such a defense. This subject is referred to in the exceptions, but the defense was not alleged in the answer nor was evidence on the point offered.

Judgment reversed.