*SAMUEL NORRIS, RESPONDENT, v. WILLIAM. [409] M. BURGOYNE AND JOHN V. PLUME, APPEL-LANTS.

GARNISHEE, LIABILITY OF.—A garnishee can only be required to answer as to his liability, to the debtor defendant, at the time of the service of the garnishment.

WRIT OF ERROR to the Sixth Judicial District.

This was an action originally commenced against one George Gahan, in which an attachment was laid in the hands of Burgoyne & Co., March 12th, 1851.

John V. Plume filed an answer for himself and William M. Burgoyne, denying that Burgoyne & Co. were indebted to Gahan, or had any property of his in their possession, or under their control.

The answer stated that Gahan, on the 31st of December, 1850, bought a bill of exchange from Burgoyne & Co. for $1400, in favor of one R. H. Potts, upon their correspondents at New Orleans; that the firm had been notified, by some one, that Gahan had not acted properly in the matter, and had stopped the payment of the draft, and that they had been compelled, by judgment of the Fourth Judicial District Court, to pay the amount of the draft to one Sylvester Harris, assignee of the draft.

Upon the trial of the issue between the plaintiff and the garnishees, the jury were directed by the Judge to find a special verdict, as to the question of fact submitted by them, to wit: as to whether or not said garnishees had in their

possession or control, any money, goods, chattels, credits or effects of the said George Gahan, on the 12th day of September, 1851, or at any subsequent time.

The jury found that subsequent to the 12th of March, 1851, the firm of Burgoyne & Co. did have in their possession, funds or money belonging to George Gahan, amounting to $1330, and judgment was accordingly rendered January 2d, 1852, in favor of plaintiff, against the garnishees, for that sum, and on * the 17th of February, 1854, they brought the cause by writ of error into this Court.

[410]

No brief on file

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

A garnishee can only be required to answer as to his liability to the debtor defendant, at the time of the service of the garnishment. In this case the garnishment was served on the 12th of March. The jury find that the garnishees had money of the defendants, subsequent to the 12th of March. This finding will not support the judgment, because the garnishment is an attachment of existing debts, and what does not exist cannot be attached.

The judgment is reversed, and the cause remanded.