## 9175

### SOUTHERN TRUST CO. v. WILKINS ET AL.

(86 S. E. 26.)

1. SUBROGATION—FORECLOSURE—RIGHTS OF JUNIOR MORTGAGEE.—A bank, having a senior mortgage of a depositor, held an amount from the depositor's account to apply in payment of the debt, on the proceeds of a sale proving insufficient for that purpose; but it was not so applied, because the property sold for enough to pay the bank's debt in full, though not sufficient to pay a junior mortgage. *Held* that, since the junior mortgagee had no right to the deposit, by check, assignment, or pledge, he was not subrogated to the right of the bank to the deposit.

2. BANKS AND BANKING—RELATION OF BANK AND DEPOSITOR.—The relation of a bank and depositor is that of debtor and creditor.

3. BANKS AND BANKING—DEPOSITS—RIGHT OF SET-OFF.—In the absence of any agreement, express or implied, forbidding it, or any check against a deposit, or other assignment thereof, which a bank must recognize as against its own right, it has the right to set off a deposit against the depositor's debt to it; but it need not voluntarily exercise the right of set-off for the protection of another creditor of the depositor, where the deposit was not a fund pledged for the payment of the debt due to the third person.

4. MARSHALING ASSETS AND SECURITIES—NATURE OF RIGHT.—The right to marshal funds depends on the existence of the necessary conditions at the time the right is invoked, and does not arise where the debt of the creditor interested in two funds had been paid out of one of them, when the attempt is made to exercise the supposed right.

5. BANKRUPTCY—TITLE OF TRUSTEE IN BANKRUPTCY.—In the absence of fraud, the claim of a trustee in bankruptcy is no greater than that possessed by the bankrupt, indebted to a bank holding a deposit made by the bankrupt.

Before SHIPP, J., Spartanburg, Spring term, 1914. Affirmed.

From an order on rule to show cause, issued in case of the *Southern Trust Company* v. *W. Y. Wilkins et al.,* the defendant, H. M. Brown, appeals. The facts are stated in the opinion.

*Mr. Ben Hill Brown,* for appellant, relies upon the two-fund doctrine and cites: 26 Cyc. 935; 11 Rich. Eq. 259; 74 S. C. 375.

*Messrs. Carson & Boyd,* for the trustee in bankruptcy of defendant, Wilkins, cite: 1 Pom. Eq. Juris. 965; 26 L. R. A. (N. S.) 55; 43 S. C. 439; 184 U. S. 405; 50 N. E. 566; 74 S. C. 368; 71 S. C. 36; 59 Pac. 1102; 51 Pac. 1043; 8 L. R. A. (N. S.) 944; 33 So. 241; 49 Am. Rep. 126; 39 *Ib.* 368; 37 S. W. 467; 37 L. R. A. 580; 33 So. 241; 103 N. W. 1072; 31 L. Ed. U. S. 541.

August 24, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On September 20, 1913, the plaintiff bank brought this action against Wilkins and Brown for foreclosure of a mortgage given to it by Wilkins. Brown is a junior mortgagee. On October 31, after judgment of foreclosure and sale had been rendered, plaintiff discovered it had $200 on general deposit to the credit of Wilkins. It removed the deposit from his account on its books, intending to apply it in payment of its debt, if the proceeds of the sale of the mortgaged property should be insufficient for that purpose; but it was not so applied, because the property sold for enough to pay the debt in full, which was done, and plaintiff receipted the master therefor.

On October 4, Wilkins filed his petition in bankruptcy, but nothing was done to interfere with the pending action for foreclosure. After the deposit had been removed from the account of Wilkins, and before the sale, the trustee of the bankrupt estate, under order of the referee in bankruptcy, made demand on the bank for the amount of the deposit. The bank did not pay it to the trustee, but held it for its own protection pending the sale.

Brown knew nothing of the deposit, until after the payment of plaintiff's debt by the master. The mortgaged property lacked about $4,000 of bringing enough to pay his debt, after paying plaintiff's debt. As soon as he discovered the facts above stated, and before the master's

report on sales had been made and confirmed, he obtained a rule against plaintiff and the trustee in bankruptcy requiring them to show cause why plaintiff should not pay the money to him, or pay it to the master for his benefit. His contentions were: 1. That removal of the deposit from the account of Wilkins, under the circumstances, was in effect an application thereof to plaintiff's debt, and, therefore, plaintiff's debt was overpaid by that amount which should be paid to him, or returned to the master for his benefit. 2. That, if it did not amount to payment in fact, plaintiff should have applied the deposit to its debt in exoneration *pro tanto* of the mortgaged property for his benefit, and, as equity considers as done what ought to have been done, he is entitled to the fund, as if the application had been made. 3. That he should be subrogated to the right of the bank. The rule was dismissed.

If plaintiff had actually applied the deposit to its debt, there would be no doubt of Brown's right to relief. But it was not so applied, and it was not removed from Wilkins' account with unconditional intention to so apply it—the intention to do so being contingent on the failure of the mortgaged property bringing enough to pay plaintiff's debt in full. As the contingency did not arise, the application was not in fact made. As Brown had no right to the deposit, or any part of it, by check, assignment, or pledge, he is not in position to question plaintiff's right to withhold it conditionally.

As to the deposit, the relation of the bank to Wilkins was that of debtor and creditor. *Callaham* v. *Bank,* 69 S. C. 374, 48 S. E. 293. And, as there was no agreement, expressed or implied, forbidding it, and no check against the deposit, or other assignment of it, which plaintiff was bound to recognize as against its own right, the bank had the right to set off its debt to Wilkins for the amount of the deposit against Wilkins' debt to the bank. *Hiller* v. *Bank,* 92 S. C. 448, 75 S. E. 789; also, 96 S. C. 77, 79 S. E. 899,

3 R. C. L. 217.    But the bank was under no legal duty to voluntarily exercise its right of set-off for the protection of Brown, because the deposit was not a fund or security pledged for the payment of its debt.    Therefore, the rule that a senior mortgagee cannot release any part of the security pledged for the payment of his debt to the injury of a junior mortgagee, of whose mortgage he has notice, does not apply.

The authorities are in conflict on the question whether, and under what circumstances, a bank is required to exercise its right of set-off against a depositor who is primarily liable on paper held by it for the protection of endorsers or sureties thereon.    3 R. C. L. 224, 226.    But the decision of that question is not necessary to the decision of this case, for Brown occupied no such relation to plaintiff's debt, and even if those authorities which hold the affirmative of the question hold, also, that a bank is not bound to exercise the right, if the amount of the deposit is not sufficient to pay the debt in full, and in this case it was not.    See cases cited in opinion of the Court in *Davenport* v. *State Banking Co.,* 126 Ga. 136, 54 S. E. 997, 115 A. S. R. 68.

Nor is it necessary to decide whether the equitable two-fund doctrine could have been successfully invoked by Brown, under the facts stated, if the fact of the deposit had been known to him in time for him to have formally invoked the application of that principle before judgment, because at the time of his application for relief, plaintiff's debt had been paid out of one of the supposed funds, and had been extinguished.    The right to marshal depends upon the existence of the necessary conditions at the time it is invoked. 26 Cyc. 931-2.

Brown had no lien upon the deposit, nor was it in any way pledged to the payment of his debt.    As we have seen, plaintiff was under no legal duty to him to exercise its right of set-off for his benefit.    He cannot, therefore, be subro-

gated to the right of plaintiff to the fund.  If he had redeemed plaintiff's mortgage, he would have had no right to the deposit, and could not have been subrogated to plaintiff's right of set-off; or, if plaintiff had assigned its notes and mortgage to another, the assignment would have carried no right to the deposit.  The right of set-off belonged exclusively to plaintiff.

The question is not affected by the bankruptcy of Wilkins, or the claim of the trustee, who, in the absence of fraud, has no higher right against plaintiff than Wilkins had.  Nor is it affected by the fact that the master had made no report of sales.

Judgment affirmed.