[Civ. No. 4107. Third Appellate District.—May 22, 1930.]

HALBERT P. GARDNER, Respondent, v. THE PIONEER-PACIFIC WORSTED COMPANY (a Corporation), Appellant.

Clyde R. Burr and Harold J. Richardson for Appellant.

C. Stanley Price and Chas. M. Easton for Respondent.

FINCH, P. J.—This is an action to enforce the defendant's alleged liability as garnishee. Judgment was entered in favor of the plaintiff and the defendant has appealed.

November 3, 1924, the plaintiff commenced an action against Lemuel J. Coburn to recover moneys alleged to be due and owing to him from Coburn. A writ of attachment was duly issued in that action and served upon the defendant herein on November 5, 1924, the plaintiff claiming that the defendant was indebted to Coburn. The plaintiff recovered judgment against Coburn and, the judgment remaining unsatisfied in the sum of over $11,000, this action was commenced on July 19, 1926.

In addition to the foregoing facts, the complaint alleges, on information and belief, that at the time the writ was served on the defendant it was indebted to Coburn in the sum of $52,000 and that thereafter, on April 14, 1925, the defendant, "by way of compromise and settlement, paid to said Lemuel J. Coburn the sum of $5,000." The answer denies that the defendant was, at any time, indebted to Coburn in any amount. In relation to the issue thus raised the court found as follows:

"That . . . at the time that said writ . . . was served upon the defendant, . . . the said Lemuel J. Coburn had an unsettled claim and/or demand against said defendant, and thereafter, to-wit, early in the month of April, 1925, said Lemuel J. Coburn presented to said defendant for settlement a claim in the sum of $52,915.17, and the said defendant did, on April 14, 1925, by authority of its Board of Directors, at a meeting of said Board duly assembled and after a vote of a majority of the Board of Directors present at said meeting pass a resolution in which it was stated that it did not admit any liability to said Lemuel J. Coburn, but, for the purpose of compromise and settlement and in full settlement and compromise of any and all claims and demands which said Coburn may have or claim to have against the Pioneer Pacific Worsted Company, authorized and ordered that said defendant pay unto said Lemuel J. Coburn the sum of $5,000 whereupon and by virtue of said resolution said Lemuel J. Coburn did accept the sum of $5,000, by way of compromise, release and discharge, and in full settlement of all claims and demands that he may have or might assert against said Pioneer Pacific Worsted Company, and thereupon there was paid by said defendant to said Lemuel J. Coburn, after the Writ of Attachment and Garnishment was served upon said defendant, as aforesaid, the sum of $5,000, and by reason of said payment said Coburn did release and discharge said defendant from any and all liability and demands whatsoever."

The foregoing is not a finding of any ultimate fact, but of probative facts only. "It is not sufficient to find merely the probative facts unless the ultimate facts are necessary inferences therefrom." (*Thomson* v. *Thomson.* 81 Cal. App. 678, 683 [254 Pac. 644].) It is not a necessary

inference from the probative facts found by the court in this case that the defendant was indebted to Coburn at the time of the garnishment. It is a matter of common knowledge that groundless claims are sometimes compromised and settled. The most that can be said in favor of the plaintiff is that such probative facts, together with other facts given in evidence are sufficient to support a finding of such indebtedness, but the evidence relating to such other facts is conflicting and contrary inferences may be drawn therefrom. Much testimony was introduced by the defendant, which, if true, is amply sufficient to show that it was not indebted to Coburn at any time. Section 544 of the Code of Civil Procedure reads as follows:

"All persons having in their possession, or under their control any credits or other personal property belonging to the defendant, or owing any debt to the defendant at the time of service upon them of a copy of the writ and notice, as provided in the last two sections, shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts, until the attachment be discharged, or any judgment recovered by him be satisfied."

It is clear from the language of section 544 that a debtor is liable under its provisions only when he is indebted to the defendant "at the time of service . . . of the writ." Coburn's claim against the defendant was made and the compromise agreement was entered into long after the garnishment was served on the defendant. If such agreement established the relation of debtor and creditor between the defendant and Coburn at the time of and subsequent to its execution, it does not follow that such relation existed five months prior thereto when the garnishment was served. The garnishment imposed no liability on the defendant in relation to its subsequent indebtedness to Coburn. "Garnishment is an attachment of existing debts, and what does not exist cannot be attached." (*Norris* v. *Burgoyne,* 4 Cal. 409, 410; *Aigeltinger Co.* v. *Healy-Tibbitts Const. Co.,* 23 Cal. App. 608, 610 [139 Pac. 436, 438].)

The judgment is reversed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 21, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 21, 1930.