[Civ. No. 17192.   First Dist., Div. Two.   July 29, 1957.]

NORMA ZEMIRA SMITH, as Executrix, etc., Appellant, v. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO (a Corporation), Respondent.

S. B. Gill for Appellant.

J. F. Shuman, Marshall L. Small and Morrison, Foerster, Holloway, Shuman & Clark for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment awarding him $288.69 with interest, and interest on the sum of $12,716.33 from April 23, 1954, to August 20, 1954.

On December 22, 1952, Ralph Smith commenced an action against Yosemite Creek Company. On that day a writ of attachment and notice of garnishment were served on respondent bank. Ralph Smith subsequently died and his wife as his executrix was substituted as plaintiff.

On December 29, 1952, the garnishment was returned unsatisfied, the bank reporting: "No funds."

Upon service of the notice of garnishment the bank exercised a right of setoff against the balance in the checking account of Yosemite Creek Company. At this time Yosemite Creek Company was indebted to the respondent bank on a promissory note in the sum of $21,912.50. The bank held a non-negotiable warehouse receipt for canned figs as security for the payment of this note. ▮▮▮ Seven drafts had been delivered by Yosemite Creek Company to the bank for collection and had been forwarded by the bank to the drawees. The bank had advanced to Yosemite Creek Company the full face amount of these drafts, $44,660.55. None of the drafts had been accepted by the drawees at the time of garnishment. At the time of garnishment Yosemite Creek Company had on deposit with the bank in a checking account $48,798.03. The bank exercised its right of setoff in the sum of $44,660.55 to repay the amounts advanced on the seven outstanding drafts and applied the balance of $4,137.48 in part payment of the promissory note, leaving a balance due on the note of $17,775.02.

Later the bank sold the figs covered by the warehouse receipt and after paying the balance of the note the bank held a balance of $12,716.33 from the sale of the figs.

In the action against Yosemite Creek Company plaintiff recovered judgment for $60,638.68. The plaintiff levied execution on respondent bank and in this action claims that its garnishment reached the $48,798.03 in the Yosemite Creek Company's account plus the balance of $12,716.33 realized from the sale of the figs.

In the meantime one Eva Crow sued the bank claiming title to the surplus of $12,716.33 from the fig sale. The bank deposited this sum with the clerk of the court in that action and plaintiff was substituted therein for the bank as defendant.

After the service of the notice of garnishment the respondent bank permitted the opening of another account in the name of "Paul W. McComish, Trustee." Into this account Yosemite Creek Company subsequently deposited new funds which were used to pay checks drawn by Yosemite Creek Company prior to the garnishment and checks subsequently drawn.

The court in this action found that by reason of its exercise of the right of setoff respondent was not indebted to plaintiff by reason of the garnishment except: 1. In the sum of $288.69 in a separate account of Yosemite Creek Company which was overlooked by the bank in taking its set-off; and 2. Interest on the balance from the sale of the figs from the date of service on the bank of the writ of execution to the date when this money was paid into court in the action commenced by Eva Crow.

The bank's right to set off the indebtedness of Yosemite Creek Company to the bank following the garnishment is not questioned (Civ. Code, § 3054; *Melander* v. *Western Nat. Bank,* 21 Cal.App. 462 [132 P. 265]; *Bromberg* v. *Bank of America,* 58 Cal.App.2d 1 [135 P.2d 689]), but appellant claims that the bank waived its right of setoff by its subsequent conduct.

In testing the validity of this claim it is important to remember that in California a garnishment reaches only debts owing from the garnishee to the defendant at the moment of service of the writ. Section 544, Code of Civil Procedure, fixes the liability of the garnishee "owing any debts to the defendant *at the time of service* . . . of a copy of the writ and notice." (Emphasis ours.) So after-created indebtednesses are not reached by a garnishment under our law. (*Gardner* v. *Pioneer-Pac. Worsted Co.,* 106 Cal.App. 17, 20 [288 P. 818]; *Aigeltinger Co.* v. *Healy-Tibbitts Const. Co.,* 23 Cal.App. 608, 610 [139 P. 436]; *Norris* v. *Burgoyne,* 4 Cal. 409.)

After the bank exercised its right of setoff it owed nothing to Yosemite Creek Company except the sum of $288.69 in the small account which it had overlooked. It treated the indebtedness of Yosemite Creek Company to it as *pro tanto* satisfied by the setoff, made the proper entries in its books and never thereafter changed them or sought in any fashion to reassert any claim against Yosemite Creek Company for the part of its indebtedness which had been satisfied by the setoff. In this respect the case differs from *Walters* v. *Bank of America,* 9

Cal.2d 46 [69 P.2d 839, 110 A.L.R. 1259], strongly relied upon by appellant. In the Walters case after purporting to exercise a right of setoff against the garnisheed account of its depositor the bank honored checks drawn by the depositor for the full amount of the deposit upon its existing account. Not only that but the bank thereafter renewed the very note which it had purported to satisfy by the setoff. The purported setoff was obviously a sham. The court said of this procedure at page 56: ''In other words, inasmuch as the amount of the deposit was not actually applied in payment of the debt, but was continued to be held by the bank as the property and for the benefit of the debtor, it must be considered to have been held likewise for the benefit of the attaching creditor.'' Again the court said at page 57: ''To allow the garnishee to claim his right of set-off to defeat the claim of the creditor, and then to permit him to pay the fund in controversy to the defendant, would result in an unwarranted interference with the rights of other creditors of the defendant.''

Here, as we have pointed out, the bank consistently treated the debt of defendant to it as satisfied to the extent of the setoff and did not at any time pay any part of ''the fund in controversy'' to the defendant depositor, or purport to renew or treat as unsatisfied any portion of the indebtedness to which the setoff had been applied.

The funds which went into the ''McComish-Trustee'' account were new deposits, and there was no transfer of credits to the new account from the old. Some entries of new deposits were by error credited to the old account and by later corrected entries transferred on the books to the ''Trustee'' account, and some overdrafts were permitted on the ''Trustee'' account, but bona fide transactions between the garnishee and the defendant may be engaged in following the garnishment, without rendering the garnishee liable to the garnisheeing creditor. Since the garnishment reaches only such debts as are owing to the defendant at the moment of garnishment subsequent debts or credits created thereafter in good faith can be no concern of the attaching creditor. (*Gardner* v. *Pioneer-Pac. Worsted Co., supra,* 106 Cal.App. 17; *Norris* v. *Burgoyne, supra,* 4 Cal. 409; *Day* v. *Bank of Del Norte,* 76 Colo. 223 [230 P. 785]; *Smith* v. *Davis,* 1 Wis. 388; *Victor* v. *Hartford Fire Ins. Co.,* 33 Iowa 210; *Steiner* v. *First Nat. Bank,* 127 Ala. 595 [29 So. 65].)

In the cases from other jurisdictions relied on by appellant (*First Nat. Bank & Trust Co.* v. *Lundquist,* 172 Okla. 453 [45

P.2d 524] ; *Prudential Loan & Trust Co.* v. *Metzler,* 66 Ore. 224 [133 P. 1191] ; *Obergfell* v. *Booth,* 218 Ill.App. 492) as in the Walters case, *supra,* there was either a renewal of the indebtedness purportedly satisfied by the setoff or withdrawals permitted from the defendant's account after the purported setoff, i.e., conduct inconsistent with the appropriation of the account by setoff to satisfy the garnishee's debt. There was no such conduct by respondent bank in this case, but only new dealings which did not affect or change the *pro tanto* satisfaction of the existing indebtedness by the setoff taken by the bank.

Appellant also argues that as to two of the seven drafts outstanding which were afterwards paid through respondent bank the bank owed a duty to the attaching creditor to apply these sums in partial satisfaction of the indebtedness previously satisfied by the setoff. Those debts were already satisfied by the setoff previously taken and since the drafts had not been paid to the bank at the time of garnishment, under the authorities above cited and section 544, Code of Civil Procedure, those funds were not reached by the attachment. No authority is cited that a garnishee owes a roving duty to the garnisheeing creditor to dispose of property of the defendant coming into his hands subsequent to the garnishment for the benefit of the attaching creditor. This would be inconsistent with the rule that the attachment does not reach after-acquired property and such cases as we have found are to the contrary. (*Southern Trust Co.* v. *Wilkins,* 101 S.C. 457 [86 S.E. 26] ; *Anderson* v. *Keystone Chemical S. Co.,* 293 Ill. 468 [127 N.E. 668].)

We find no error in the trial court's judgment and the judgment is accordingly affirmed.

Kaufman, P. J., and O'Donnell, J. pro tem.,* concurred.

A petition for a rehearing was denied August 28, 1957, and the following opinion was then rendered:

THE COURT.—On petition for rehearing appellant attempts for the first time to make a point not argued previously, that in connection with one of the seven outstanding drafts against which respondent bank had advanced money to Yosemite Creek Company respondent held a nonnegotiable warehouse receipt and that the levy of attachment reached this. This

---

*Assigned by Chairman of Judicial Council.

point was not mentioned in appellant's brief or oral argument. █ Counsel are not permitted to argue their cases in a piecemeal fashion and points not previously argued will not be considered where raised for the first time on petition for rehearing. (*Epperson* v. *Rosemond,* 100 Cal.App.2d 344, 348 [223 P.2d 655, 224 P.2d 480] ; 4 Cal.Jur.2d Appeal and Error, § 522, p. 365.)