[Civ. No. 22240.   Second Dist., Div. Three.   Oct. 14, 1957.]

MALCOLM STEWART MACKIE, Appellant, v. CHARLES R. DYER, Respondent.

Malcolm Stewart Mackie, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Counsel, for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal entered on an order sustaining the demurrer of defendant Charles R. Dyer to the first amended complaint, referred to as the complaint. The action is for damages for false imprisonment.

Charles R. Dyer is a judge of the Municipal Court of the Glendale Judicial District. The complaint alleges: Plaintiff was charged with intoxication under an ordinance of the city of Glendale. Attached to the complaint is a copy of plaintiff's "Petition for Disqualification and Statement" filed on May 27, 1954 in the action in which he was so charged.[1] On January 27, 1954, plaintiff was convicted, sentenced to 90 days in the city jail by Judge Dyer, the sentence was suspended, and he was granted probation for two years on the conditions that he behave well and not become intoxicated; that he pay a fine of $50; and that he serve 30 days in the city jail. On July 6, 1954, each and all of the defendants transported and recommitted plaintiff to the county jail and incarcerated him

[1]The "Petition for Disqualification and Statement" is verified. It is titled People, etc., plaintiff, vs. Malcolm Stewart Mackie, defendant, in the Municipal Court of the Glendale Judicial District, and reads:

"Petitioner seeks to restrain the above entitled court and judge thereof from hearing and trying certain actions now pending in the Court, and in which actions petitioner is named 'the defendant.'

"Petitioner contends that the Judge is disqualified from proceeding with the hearings and trial of said actions on the grounds that it is 'probable by reason of bias or prejudice of the Honorable Charles R. Dyer, Judge in Case No. M5118, entitled People vs. Mackie, a fair and impartial trial can not be had before him. (Sub. 5 Sec. 170 C.C.P.).

"Be it remembered Motions (1) To Postpone (2) For Change of Venue, and Oral Request for Reporter's Transcript were denied. Later a group of persons were presented as regular Jurors, which was challenged both collectively and individually by this defendant. Motion for New Trial and Request for Reporter's Transcript to perfect the Record on Appeals was denied, and as a direct result the acts and expressions engaged in course of the many proceedings above and since were not available for Appeal.

"AFFIDAVIT OF MALCOLM S. MACKIE

"STATE OF CALIFORNIA  }ss.
"COUNTY OF LOS ANGELES }

"MALCOLM S. MACKIE, being duly sworn, deposes and says that he is the defendant in the within cause. That affiant was present in court when the following proceedings were had in said cause.

"SURROUNDING CIRCUMSTANCES

"The Glendale City Court has been 'of Record' since the month of January of Year 1950, only, and is one of the 'twin classification,' without benefit of a Presiding Officer or local house rules. The starting and finishing lines are smoggy and the hurdle to fate and/or fault facile in this 'City of Jewels.' The plan, arrangement or understanding re: assign-

there until July 31, 1954. As a result of the acts alleged plaintiff suffered damage. The clear implication from the complaint is that Judge Dyer did not file an answer to the "Petition for Disqualification and Statement," that he ignored it, passed on his own qualification, proceeded to try the action against plaintiff, and committed him to jail in violation of section 170 of the Code of Civil Procedure.

ment of cases appears to be an alternating period of three months civil and three months criminal in the same rooms, and same Judge presiding continuously therein. Under above stated plans 'now known' to petitioner, who will be known as 'defendant,' was arraigned in so called Div. 1, Judge Kenneth White presiding on December 28, 1953. Jury trial was set for January 20th, 1954. (Def. on his own recognizance.)

### "MOTION TO POSTPONE

"As a first cause defendant set forth as follows: That while case was pending in Judge White's Court, defendant served and filed Motion to Postpone Trial a few days, which, somehow came to be heard in the other Court and before Judge Dyer. There and then defendant stated his reasons 'that he had been sick in bed two weeks and was still weak and not prepared for a Jury Trial.' Judge Dyer's ruling on the matter was 'that a Jury had been ordered'; 'that he did not want to add to the County'; 'that he did not have any faith in my presentations'; 'that he had seen me talking to Clerk Beckett and seemed to have lots of time'; 'so he didn't believe me'; 'that trial would not be delayed.'

### "MOTION FOR CHANGE OF VENUE

"As a result of the expressions of opinion that defendant 'had made false statements and the antagonism shown by Judge Dyer, defendant became concerned about his right to a fair trial and immediately prepared a motion Change of Venue which was also denied and defendant was forced to Jury Trial presided over by Judge Dyer on the set date.

### "CHALLENGE TO THE PANEL

"There was much conflict on the lawfullness of the panel and of the competency of the individuals. There was no entry in the docket of any Court Order to draw and summon a panel for defendant's trial. Judge Dyer ruled that everything was regular and that the 'only thing wrong was defendant.' When juror Jessie Byson was removed on peremptory challenge she stood up and made a little speech and said 'that it was the first time that she had been challenged' and that 'she had served on the Jury since Judge Lower,' to which Judge Dyer responded sy[m]pathetically. Further questioning on time served and competency of jurors reached an 'impasse.' Some of replied that 'they had only been on one time,' which later proved to be untruthful and false.

### "CONTEMPT OF COURT

"About this time [during examination of prospective jurors] Judge Dyer stated that he had read some of defendants letters in the newspapers, one of them for a change from Police Court to Municipal Court, 'and now I had it'; and to cease the line of questioning of jurors or he would invoke contempt of court proceedings.

### "THE INVISIBLE GOVERNMENT

"Defendant has presented the lists of names showing the central power which clearly points the source of all the ills that confront us here. Said lists and other information rest in peace in the safe hands of the Honorable Judge Charles R. Dyer."

Plaintiff contends the complaint states facts sufficient to constitute a cause of action. His thesis is that Judge Dyer was without jurisdiction to hear the criminal action and sentence him after he (plaintiff) filed the "Petition for Disqualification and Statement," and that having done so he is personally responsible in damages for the consequences of the order of July 6, 1954, recommitting him.

No judge shall sit or act as such in any action "When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him." If a judge of a court of record who is so disqualified fails to declare his disqualification, any party to the action who has appeared therein may present to the court and file with the clerk a written statement objecting to the hearing of the matter before such judge, "and setting forth the fact or facts constituting the ground of the disqualification of such judge." (Code Civ. Proc., § 170.)

If the written statement is timely and states sufficient facts, it is the duty of the judge to file an answer within five days or be disqualified from sitting until the matter of his bias is passed on by another judge. (*Keating* v. *Superior Court,* 45 Cal.2d 440, 443 [289 P.2d 209].)

The allegations in a statement charging bias and prejudice of a judge must set forth specifically the facts on which the charge is predicated. (*Hume* v. *Superior Court,* 17 Cal.2d 506, 514 [110 P.2d 669].) A statement containing nothing but conclusions and setting forth no facts constituting a ground of disqualification may be ignored or stricken from the files by the trial judge. (*Keating* v. *Superior Court,* 45 Cal.2d 440, 443 [289 P.2d 209] ; *People* v. *Lyon,* 135 Cal.App. 2d 558, 585 [288 P.2d 57] ; *Ephraim* v. *Superior Court,* 42 Cal. App.2d 578 [109 P.2d 378].) Where the statement is insufficient the judge can so determine, whereupon the procedure provided by section 170 is not applicable. (*People* v. *Darby,* 114 Cal.App.2d 412, 439 [250 P.2d 743].) Where no facts are set forth in the statement there is no issue of fact to be determined. It is only where an appropriate issue of fact is presented by the statement that a judge is prevented from passing on the question of his own disqualification under section 170. (*People* ex rel. *Dept. of Public Works* v. *McCullough,* 100 Cal.App.2d 101, 109 [223 P.2d 37].)

"It is well settled in this state that the expressions of opinion uttered by a judge, in what he conceives to be a dis-

charge of his official duties, are not evidence of bias or prejudice." (*Kreling* v. *Superior Court*, 25 Cal.2d 305, 310 [153 P.2d 734].) ▉ A judge's errors on questions of law, no matter how gross, do not constitute bias or prejudice or a disqualification to proceed with the trial of the case in which the errors were made. (*Guardianship of Jacobson*, 30 Cal.2d 312, 317 [182 P.2d 537]; *Ryan* v. *Welte*, 87 Cal.App.2d 888, 893 [198 P.2d 351].) ▉ Erroneous rulings against a litigant, even when numerous and continuous, form no ground for a charge of bias or prejudice, especially when they are subject to review. (*McEwen* v. *Occidental Life Ins. Co.*, 172 Cal. 6, 11 [155 P. 86].) ▉ A judge should not be disqualified lightly or on frivolous allegations or mere conclusions. (*In re Harrington*, 87 Cal.App.2d 831, 834 [197 P.2d 783].)

▉ The only facts set forth in the statement are: 1. Judge Dyer denied a motion for a continuance. 2. On hearing the motion for a continuance, which was on the ground plaintiff had been sick in bed and was not prepared for a jury trial, Judge Dyer said "that a Jury had been ordered"; "that he did not want to add to the County"; "that he did not have any faith in my presentations"; "that he had seen me talking to Clerk Beckett and seemed to have lots of time"; "so he didn't believe me"; "that trial would not be delayed." 3. Judge Dyer denied a motion for a change of venue. 4. "There was no entry in the docket of any Court Order to draw and summon a panel for defendant's trial. Judge Dyer ruled that everything was regular and that the 'only thing wrong was defendant.'" 5. "About this time [during examination of prospective jurors] Judge Dyer stated that he had read some of defendants letters in the newspapers, one of them for a change from Police Court to Municipal Court, 'and now I had it'; and to cease the line of questioning of jurors or he would invoke contempt of court proceedings."

If we assume as true all the facts recited in the statement, they fall far short of establishing that Judge Dyer was prejudiced against plaintiff or that a fair and impartial trial of the criminal action could not be had before him. The statement was not sufficient to establish any bias or prejudice or disqualification of Judge Dyer. Since he acted within his jurisdiction, there is no basis for an action for damages for false imprisonment against him. The complaint does not state facts sufficient to state a cause of action against Judge Dyer; his demurrer was properly sustained without leave to amend.

We are not to be understood as implying that Judge Dyer would have been personally liable in damages for false imprisonment had he passed on his own qualification after the filing of a sufficient statement. That question is not before us.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 6, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1957.