[L. A. No. 25029.   In Bank.   Nov. 18, 1958.]

BERNARD P. CALHOUN, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

Thomas Whelan for Petitioner.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, James Don Keller, District Attorney (San Diego), Jack R. Levitt and Mack P. Lovett, Deputy District Attorneys, for Respondents.

McCOMB, J.—Petitioner seeks a writ of prohibition to restrain Judge Hewicker, of San Diego County, from retrying the case of *People* v. *William G. Bonelli, Bernard P. Calhoun et al.*

On May 16, 1958, petitioner was regularly before the Superior Court of San Diego County in connection with further proceedings in the aforementioned case. At that time, and before any further proceedings were had, petitioner submitted and filed an affidavit in support of an oral motion to disqualify Judge Hewicker because of bias and prejudice, pursuant to the provisions of section 170.6 of the Code of Civil Procedure.

Petitioner also filed a written statement under the provisions of section 170 of the Code of Civil Procedure,* objecting to the hearing of the action by Judge Hewicker. In this statement it was alleged that Judge Hewicker had gratuitously, and not as an act required of him in his official capacity, filed an affidavit in which he stated, "That in his opinion the evidence produced in the trial overwhelmingly sustained the charges as contained in the Grand Jury indictment and that said defendant is and was guilty as charged; that any appeal taken would be merely for the purpose of further delaying justice in said proceedings, over eighteen months having already elapsed since said indictment was returned." (This court subsequently reversed the judgment in *People* v. *Calhoun,* 50 Cal.2d 137 [323 P.2d 427].)

The affidavit of the trial judge was filed by the district at-

---

*Section 170 of the Code of Civil Procedure reads, in part, as follows: "No justice or judge shall sit or act as such in any action or proceeding: . . .

"5. When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him.

" . . . . . . . . . . . .

"Within five days after the presentation and filing of any such statement, the judge alleged therein to be disqualified may file with the clerk his consent in writing that the action or proceeding be tried before another judge, or may file with the clerk his written answer admitting or denying any or all of the allegations contained in such statement and setting forth any additional fact or facts material or relevant to the question of his disqualifications. The clerk shall forthwith transmit a copy of the judge's consent or answer to each party or his attorney who shall have appeared in such action or proceeding. Every such statement and every such answer shall be verified by oath in the manner prescribed by Section 446 of this code for the verification of pleadings. The statement of a party objecting to the judge on the ground of his disqualification, shall be presented at the earliest practicable opportunity, after his appearance and discovery of the facts constituting the ground of the judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such judge.

"No judge of a court of record, who shall deny his disqualification, shall hear or pass upon the question of his own disqualification; but in every such case, the question of the judge's disqualification shall. be heard and determined by some other judge agreed upon by the parties who shall have appeared in the action or proceeding, or, in the event of their failing to agree, by a judge requested to act by the chairman of the Judicial Council, and, if the parties fail to agree upon a judge to determine the question of the disqualification, within five days after the expiration of the time allowed herein for the judge to answer, it shall be the duty of the clerk then to notify the chairman of the Judicial Council of that fact; and it shall be the duty of the chairman of the Judicial Council forthwith, upon receipt of notice from the clerk, to request some other judge, not disqualified, to hear and determine the question."

torney in opposition to petitioner's application for bail pending the determination of the appeal then being considered by this court.

The statement of disqualification contained other statements of fact which, if true, would indicate that Judge Hewicker was biased and prejudiced against petitioner.

After the statement of disqualification was filed, the trial judge failed to file a written answer verified as required by section 170 of the Code of Civil Procedure, nor has he at any time subsequent thereto filed such an answer.

By petitioner's statement of disqualification, two issues of fact were raised. First, did Judge Hewicker gratuitously, and not as an act required by his official capacity, file an affidavit opposing petitioner's release on bail pending disposition of the appeal in *People* v. *Calhoun*, 50 Cal.2d 137 [323 P.2d 427]? Second, did the affidavit filed by Judge Hewicker indicate that he was of the opinion that petitioner was guilty as charged in the information filed against him and that the appeal which petitioner had taken was frivolous and without foundation?

It is clear from reading petitioner's statement, which must be taken as true since there was no denial of the allegations thereof by Judge Hewicker, that the answer to each issue must be in the affirmative.

Section 170 of the Code of Civil Procedure requires a verified statement *showing facts*, not conclusions, from which the claimed disqualification appears to be probable, that is, from which facts the disqualification appears to follow as a conclusion of law. Furthermore, the stated facts must make the bias appear probable *as to the issue or issues to be tried*.

Thus, the fixed belief of a judge that a party was dishonest and that his testimony was unworthy of belief would presumably disqualify such judge from proceeding in a nonjury case to try issues of fact where the party was to be a witness on the issues. On the other hand, if the questions to be resolved were exclusively questions of law, the belief of the judge that the party was dishonest and unworthy of credence would be immaterial.

There can be no disqualification of a judge for bias to pass on questions of law alone. If decided correctly, all issues of law must be decided the same way regardless of whether the judge be biased or not biased. If the issue is decided incorrectly in a lower court, presumably the error will be cor-

rected on appeal. (*Cf. People* v. *Berman*, 117 Cal.App. 334, 338 et seq. [4 P.2d 226] ; *People* v. *Nolan*, 126 Cal.App. 623, 628 [2] [14 P.2d 880].)

However, it cannot successfully be argued that because in this case the defendant may demand a jury trial the only issues before the trial court will be issues of law. Such an argument cannot prevail, because if the new trial results in a verdict of conviction, the defendant will be entitled to again move for a new trial (*People* v. *Sarazzawski* (1945), 27 Cal.2d 7, 17 [12], [13] [161 P.2d 934], and "In passing on a motion for a new trial it is not only the power but also the duty of the trial court to consider the weight of the evidence" (*People* v. *Borchers* (1958), 50 Cal.2d 321, 328 [1] [325 P.2d 97], and cases cited).

According to the record in the present case, the undenied facts show that Judge Hewicker gratuitously filed an affidavit opposing petitioner's release on bail, in which he stated that in his opinion petitioner was guilty as charged in the indictment filed against him. His opinion was expressed voluntarily and in a matter not pending before him and obviously shows that he was biased and prejudiced against petitioner as to the issue or issues of fact to be tried.

All that the trial judge did was to deny the oral motion to disqualify him, on the ground that section 170.6 of the Code of Civil Procedure was not applicable to a criminal case, and to strike from the record the statement of disqualification made by petitioner under section 170 as being sham and frivolous.

In *Keating* v. *Superior Court*, 45 Cal.2d 440, this court said, at page 443 [3] [289 P.2d 209] : "Under this section [section 170 of the Code of Civil Procedure], if the written statement . . . states sufficient facts, it is the duty of the judge to file an answer within five days or be disqualified from sitting until the matter of his bias is passed upon by another judge. (Citations.) " (See also *In re Harrington*, 87 Cal. App.2d 831, 834 [1b] et seq. [197 P.2d 783].)

The following language in *Evans* v. *Superior Court*, 107 Cal.App. 372, 383 [290 P. 662], appears to be applicable to the present situation: ". . . is it fair and just to allow a judge who has such a definite, positive, fixed and firm belief, justifiable though it may be, concerning these petitioners, the two defendants, who were regarded by him as pirates and falsifiers, to again pass upon the issues of fact in a case where

the defendants will undoubtedly be material witnesses? Would a reasonable person hesitate as to whether or not the trial judge could, under the circumstances, considering the weaknesses of human nature, entirely ignore such facts—the belief that the petitioners had committed perjury? Can the judge ignore his opinion and belief, though honest it may be, that these petitioners have wilfully testified falsely? We think not. 'Is it made to appear probable that, by reason of bias or prejudice of such judge . . . a fair and impartial trial cannot be had before him?' (Code Civ. Proc., § 170, as amended.) We think it has. Furthermore, it would be unfair to ask a judge, under these circumstances, to again try issues of fact involving the honor, integrity and veracity of men whom he had so recently condemned and denounced.''

In the present case, since the judge has failed to file a written answer to the statement of bias and prejudice, verified as required by section 170 of the Code of Civil Procedure, the facts alleged in the statement must be taken as true. Accordingly, it would appear that he is disqualified to retry petitioner.

Petitioner also contends that his motion to quash the indictment was improperly denied. He had formerly presented this proposition to this court alleging the insufficiency of the evidence to support the indictment in *Calhoun* v. *Superior Court,* 46 Cal.2d 18 [291 P.2d 474]. We held the contention to be devoid of merit. Therefore, the matter is now res judicata. The rule is established that where an appellate court has denied a writ of prohibition to prevent a trial court from proceeding with the trial of an action, and the order of the former court has become final, its adjudication is res judicata as against the same petitioner who later seeks a writ of prohibition against the same parties for the same purpose upon an application based upon a set of facts identical with those previously presented. (*Reilly* v. *Police Court,* 194 Cal. 375, 377 [1] [228 P. 860] ; *Ingrao* v. *Karsten,* 94 Cal.App.2d 517, 521 [3] [211 P.2d 41].)

Let a writ of prohibition issue restraining the Honorable John A. Hewicker, Judge of the Superior Court of the State of California, in and for the County of San Diego, from taking any other steps or proceeding in the case of *People of the State of California, Plaintiff,* v. *William G. Bonelli, Bernard P. Calhoun et al., Defendants,* San Diego Superior Court No. 195342.

It is further adjudged that all acts taken in such action by the Honorable John A. Hewicker subsequent to Friday, May 16, 1958, are declared null, void and of no effect.

Gibson, C. J., Carter, J., Traynor, J., and Schauer, J., concurred.