[Civ. No. 23448.   Second Dist., Div. Two.   Apr. 27, 1959.]

A. J. BLACKMAN et al., Respondents, v. CHARLES B. MacCOY, as Judge of the Municipal Court of Los Angeles Judicial District, etc., Appellant.

874

Harold W. Kennedy, County Counsel, and Robert C. Lynch, Deputy County Counsel, for Appellant.

Marvin Zinman for Respondents.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney (Los Angeles), Manley J. Bowler, Chief Deputy District Attorney, John W. Dickey, Deputy District Attorney, Amici Curiae on behalf of Respondents.

FOX, P. J.—Appellant, a judge of the municipal court, appeals from a judgment of the superior court which granted a peremptory writ of prohibition commanding and ordering the appellant to desist and refrain from any further proceedings in an action known as *People of the State of California* v. *A. J. Blackman, George E. Batchelor, and Elizabeth B. Johnson*,[1] in which the respondents herein were charged with conspiracy to commit perjury.

The facts which gave rise to the instant appeal are as follows: On October 28, 1957, appellant "issued a felony complaint"[2] against the respondents upon a jointly verified statement signed by George C. Finn and Charles C. Finn[3] which alleged a conspiracy to commit perjury. Appellant thereupon signed and issued a warrant for the arrest of each respondent, fixing bail at $5,000 each. The appellant directed that respondents be brought before him for arraignment in Division 22 of the municipal court wherein he presided. At that time, there existed a rule of the municipal court providing that all preliminary proceedings in felony matters in said court should be heard in the Felony Preliminary Master Calendar Division thereof. The respondents presented themselves to the latter division of the municipal court on November 1, 1957, at which time the felony complaint was dismissed by the Honorable

---

[1] The judgment reads in part as follows:

". . . IT IS HEREBY ORDERED, ADJUDGED AND DECREED that a peremptory writ of prohibition in due form be issued out of and under the seal of this Court addressed to respondent CHARLES B. MACCOY, Judge of the Municipal Court of Los Angeles Judicial District, County of Los Angeles, State of California, commanding and ordering said respondent to desist and refrain absolutely from any further proceedings in that action in the Municipal Court of Los Angeles Judicial District, County of Los Angeles, State of California known as *People of the State of California* vs. *A. J. Blackman, George E. Batchelor and Elizabeth B. Johnson*, being No. 142367 therein; and to desist and refrain absolutely from performing any judicial act, whether as a magistrate or otherwise, in any other proceedings of a criminal nature involving the petitioners herein A. J. Blackman, George E. Batchelor and Elizabeth B. Johnson or any of them and,

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that all proceedings heretofore had in the Municipal Court of Los Angeles Judicial District, County of Los Angeles, in said action No. 142367 as aforesaid, were in excess of the jurisdiction of said Court and were from their commencement null and void and,

"IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the entire record of the proceedings had in said action No. 142367 be stricken and expunged from the records of the said Municipal Court of Los Angeles Judicial District, County of Los Angeles."

[2] Finding of Fact IV.

[3] Said statement was subscribed and sworn to before Judge MacCoy on Saturday, October 26, 1957.

Vernon W. Hunt, judge of the said court. On December 23, 1957, appellant again caused warrants of arrest to be issued against each respondent, fixing bail at $3,000 each. These warrants were pursuant to the issuance of a felony complaint[4] by appellant upon a verified statement signed by Charles C. Finn which was identical to the statement filed on October 28, 1957. Respondents were ordered to be brought directly to appellant's court for arraignment despite the fact he was not sitting in the Felony Preliminary Master Calendar Division of the municipal court. Respondents presented themselves for arraignment before appellant on December 26, 1957, at which time they presented to him their joint affidavit of bias and prejudice pursuant to section 170, Code of Civil Procedure. Said affidavit was filed and appellant continued with respondents' arraignment until served with an alternative writ of prohibition restraining him from further proceeding. Appellant did not make an answer to the above affidavit. A peremptory writ of prohibition was granted on May 1, 1958. It should be noted that neither of the felony complaints herein involved were with the concurrence or assent of the district attorney of Los Angeles County, nor were said complaints issued at the request of or with the concurrence or assent of the attorney general.

Respondents' affidavit of bias and prejudice contained the following statements:

"1. Affiants are defendants in the above captioned matter. Charles B. MacCoy, the judge before whom further proceedings therein are about to be taken and are now pending, is prejudiced against affiants so that affiants cannot have a fair and impartial trial and hearing before such judge.

"2. Affiant A. J. Blackman is an attorney at law, admitted to practice in this state and presently engaged in the practice of law here. Clients of said affiant include Affiant George Batchelor and International Airports, Inc., a corporation. Said clients, represented by Affiant A. J. Blackman, have been in litigation with George C. Finn and Charles C. Finn since May 25, 1952. Said litigation includes certain Los Angeles Superior Court actions as follows: *International Airports, Inc.* v. *Finn, et al. No. 599895, International Airports, Inc.* v. *Finn, et al., No. 600291* (consolidated), involving a Curtiss C-46 aircraft No. N 111H; *George Batchelor* v. *Finn, et al., No. 667157*, involving another Curtiss C-46 aircraft No. N111E; and *Elizabeth B. Johnson* v. *Finn, et al., No. 610007*, for money

[4]Finding of Fact VIII.

had and received by, and loaned to, the defendants therein. A Sheriff's sale under a Writ of Enforcement issued by the Superior Court in the consolidated cases aforesaid is now scheduled for December 30, 1957, as respects said aircraft No. N 111H. Affiants believe that one of the objects of the proceedings herein is to delay, or attempt to delay, such sale by confining affiants' attention herein and making it impractical to attend said sale.

"3. Affiant Elizabeth B. Johnson is employed as secretary to Affiant A. J. Blackman. The claims alleged in said action No. 610007 were assigned to said Affiant Elizabeth B. Johnson for collection. The issues therein are the same as those which were included within the issues of the complaint signed by Charles B. MacCoy and previously disposed of by Judge Vernon W. Hunt. Affiants are informed and believe that the issues of the instant complaint signed by Judge Charles B. MacCoy likewise embrace the issues in said civil action. Said action No. 610007 is now pending appeal.

"4. The association between Judge Charles B. MacCoy and Charles C. Finn and George C. Finn dates back to August 28, 1953, when Judge MacCoy signed an Order for issuance of a writ of attachment against the United States of America in an action filed in the Municipal Court entitled 'George C. Finn vs. United States of America, Colonel J. L. Ulricson', No. 121462 in the files of said court. Based upon said writ, a Government transport airplane was attached at Lockheed Air Terminal, Burbank, California. The action later was removed to the United States District Court and there said writ was disposed of.

"5. Affiant A. J. Blackman has been present in court with George C. Finn and Charles C. Finn on many occasions. During one of said occasions in connection with said action No. 610007, one or both of the said Finns informed the Court in said affiant's presence in substance that they were in and around Washington, D.C. from September 15, 1956, to the latter part of January, 1957; that upon their return to Los Angeles they had investigated certain matters testified to at a default prove-up on December 14, 1956; that they believed that a portion of the testimony was false; that they had taken the matter up with the District Attorney's office which had refused to issue a complaint thereon; that they had also taken the matter up with Judge Charles B. MacCoy and had discussed the matter with him; that Judge MacCoy had advised them that they should press the authorities for issuance of a

criminal complaint against affiants. This was all related in time to the early months of 1957, and before the complaint first issued by Judge MacCoy was signed.

''6. Affiant A. J. Blackman has also discussed this matter with a representative of the District Attorney's office. On Monday, October 28, 1957, said affiant was informed by such representative that Judge Charles B. MacCoy, Charles C. Finn and George C. Finn had requested that office to issue a complaint; that the investigation division of that office had made a detailed and exhaustive investigation of the facts upon which the Finns sought to have such complaint issued; that such facts were reviewed by attorneys in said office, who concluded that such a complaint should not issue; that an opinion was written by said office, a copy of which was transmitted to Judge MacCoy. It is apparent that Judge MacCoy has acted as legal counsel for said Finns in several phases of their legal proceedings, has given legal advice to them upon the matters involved in the complaint herein among others, and is actively engaged in promoting the prosecution of affiants herein for purposes and to an extent which make him biased and prejudiced against affiants.''

The trial court concluded that ''respondent [appellant] was by reason of bias and prejudice disqualified from acting in any judicial capacity, whether as a magistrate or otherwise, with respect to petitioners or any of them in the said Municipal Court action Number 142367 or otherwise; and that by reason of said disqualification he committed jurisdictional error in acting with respect to petitioners, subject to the remedy of prohibition from this Court to prevent him from further acting with respect to petitioners or any of them.''

As grounds for reversal, appellant argues, *inter alia*, (1) that respondents' affidavit of bias and prejudice was legally insufficient, raised no issues and could be ignored, and (2) that said affidavit showed no bias and prejudice toward the respondents.

Respondents contend, however, that the above affidavit was sufficient in both form and content, and disclosed bias and prejudice toward respondents.

Section 170, Code of Civil Procedure, provides in part that ''[n]o justice or judge shall sit or act in any action or proceeding: . . . 5. When it is made to appear probable that, by reason of bias or prejudice of such justice or judge a fair and impartial trial cannot be had before him.'' This section is applicable to criminal proceedings. (*McKay* v. *Superior*

*Court*, 98 Cal.App.2d 770 [220 P.2d 945] ; *In re Harrington*, 87 Cal.App.2d 831 [197 P.2d 783] ; *People* v. *Ebey*, 6 Cal.App. 769 [93 P. 379].) ▆▆ Under this section, if a party files a verified statement setting forth the facts constituting the bias and prejudice of the judge, ''it is the duty of the judge to file an answer within five days or be disqualified from sitting until the matter of his bias is passed upon by another judge.'' (*Keating* v. *Superior Court*, 45 Cal.2d 440, 443 [289 P.2d 209]) ''if the written statement is timely and states sufficient facts . . .'' (*Keating* v. *Superior Court, supra.*)

▆▆ In *Calhoun* v. *Superior Court*, 51 Cal.2d 257 [331 P.2d 648], the court succinctly stated the requirements of the affidavit as follows (p. 260) : ''Section 170 of the Code of Civil Procedure requires a verified statement *showing facts*, not conclusions, from which the claimed disqualification appears to be probable, that is, from which facts the disqualification appears to follow as a conclusion of law. Furthermore, the stated facts must make the bias appear probable *as to the issue or issues to be tried.*'' We are of the opinion that the affidavit in question fully meets the requirements stated in the Calhoun case.

▆▆ Appellant's contention that respondents' affidavit was deficient and therefore could be ignored is lacking in merit. While the affidavit is not a model of draftsmanship, it is far from legally insufficient. In paragraph 5, respondent Blackman deposed that prior to the time of issuing the first felony warrant, the Finns had stated in his presence in another court that they had discussed the matter with the appellant and he had advised them (Finns) to press the authorities to issue a criminal complaint against the respondents. In paragraph 6, it was stated that respondent Blackman was informed by a member of the district attorney's office that appellant had requested that office to issue a complaint; that a copy of an opinion prepared by that office concluding that a complaint should not issue was forwarded to Judge MacCoy. Defendant's argument that the above statements were hearsay and therefore could be disregarded is without merit. Such statements were proper to show the basis or foundation for respondents' belief that appellant was biased and prejudiced against them and as a consequence thereof the probability that they could not have a fair trial before him. This aspect of the problem was discussed in *Keating* v. *Keating*, 169 Cal. 754 [147 P. 974], as follows (p. 759) : ''It is idle to contend that the affidavit of Mr. Keating, although positive in form, must

of necessity rest upon information and belief and that therefore it should be rejected. Knowledge of facts which might cause a litigant to feel that a judge was prejudiced against him would naturally often be only that to be derived from information conveyed to him by others.'' So long as the source of the affiants' information is disclosed, an averment based on information and belief is not *per se* objectionable. (See *Morehouse* v. *Morehouse,* 136 Cal. 332, 335-336 [68 P. 976].) Blackman might not have any personal knowledge of conversations between the Finns and appellant, or between appellant and the district attorney's office, but he was present when the Finns (or one of them) made the above statement and could testify personally to that statement. Blackman could also testify personally to his conversation with the representative from the district attorney's office. Then, whether appellant in fact so counseled the Finns, or made the asserted request to the district attorney, presented a question of fact for subsequent determination under the procedures set forth in section 170, Code of Civil Procedure.

Appellant cites numerous cases holding that an affidavit which contains ''nothing but conclusions and setting forth no facts constituting a ground of disqualification may be ignored. . . .'' (*Mackie* v. *Dyer,* 154 Cal.App.2d 395, 399 [316 P.2d 366].) However, it is clear that the affidavit here in question consisted of more than mere conclusions. While it did contain some conclusions, the affidavit also contained sufficient facts to require a decision of another judge as to the disqualification of Judge MacCoy. Appellant's conduct, as affirmatively set forth in the affidavit, manifested his belief in respondents' guilt prior to the time any complaint was issued. Beyond this, respondents' affidavit pictured Judge MacCoy as an advocate of their guilt in that he personally sought to have the district attorney issue a felony complaint against them, and after assertedly receiving a written opinion from the district attorney's office that such complaint should not issue, nevertheless proceeded with the matter. Such conduct would unmistakenly indicate something more than a passive belief in respondents' guilt; rather, that appellant was inexorably determined to have respondents prosecuted in any event. Under such circumstances, serious doubt arises as to whether Judge MacCoy could conduct a fair and impartial preliminary examination. One should not be held to answer on a felony charge by a biased and prejudiced judge any more than he should be tried by such a judge, for this would be contrary to accepted concepts of the fair administration of justice.

■ Appellant next argues that the affidavit failed to disclose any bias or prejudice toward respondents and, if anything, only showed he may have been friendly toward the Finns. This contention is without factual support. While the affidavit did reveal a friendly relationship between appellant and the Finns, it clearly suggested appellant's predetermined conviction of respondents' guilt and portrayed his repeated efforts to have a felony complaint issued against them.

Therefore, as the affidavit was legally sufficient and the appellant failed to file an answer thereto within five days, he was disqualified (Code Civ. Proc., § 170; *Calhoun* v. *Superior Court, supra*, p. 260; *Keating* v. *Superior Court, supra*) and the alternative writ properly issued to restrain him from conducting any further proceedings in this matter.

■ Finally, appellant argues that the peremptory writ of prohibition was too broad in that it ordered him "to desist and refrain absolutely from performing any judicial act, whether as a magistrate or otherwise, in any other proceedings of a criminal nature involving the petitioners herein . . . or any of them. . . ." From a reasonable reading of the judgment, however, it is manifest that the above quoted provision has reference to any other criminal proceeding which is based on the factual situation involved in this case. This is entirely proper.

Since the alternative writ properly issued and there is substantial evidence to support the trial court's finding of bias and prejudice, a finding which appellant does not specifically challenge, it appears that the peremptory writ was duly granted. Therefore, as the judgment must be affirmed, we find it unnecessary to pass on respondents' argument that appellant acted in excess of his jurisdiction in that the felony complaint herein under consideration was not issued by, at the request of, or with the concurrence or assent of the district attorney or other prosecuting officer.[5]

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied May 22, 1959. Ashburn, J., was of the opinion that the petition should be granted. The following opinion was then rendered:

THE COURT.—■ On petition for rehearing appellant

---

[5]The amici curiae brief filed by the attorney general and the Los Angeles district attorney also advanced this argument.

seeks to raise for the first time a point not previously argued, viz., that the affidavit of bias, and prejudice related only to the personal disqualification of the appellant and not to the jurisdiction of the municipal court. This contention was not set forth by appellant in his briefs nor in oral argument, and will not be considered for the first time on a petition for rehearing. ■ As stated in *Smith* v. *Crocker First Nat. Bank,* 152 Cal.App.2d 832, 836-837 [314 P.2d 237] : "Counsel are not permitted to argue their cases in a piecemeal fashion and points not previously argued will not be considered where raised for the first time on petition for rehearing. (Citations.)" As the question of the superior court's jurisdiction to grant the peremptory writ as issued is not involved, the rule noted in *Sime* v. *Malouf,* 95 Cal.App.2d 82, 116 [212 P.2d 946, 213 P.2d 788], regarding rehearings to consider jurisdictional questions is not applicable.

Appellant's petition for a hearing by the Supreme Court was denied June 24, 1959.